1 **Jaburg & Wilk, P.C.**
3200 N. Central Avenue, 20th Floor
2 Phoenix, AZ 85012
602.248.1000
3
Maria Crimi Speth (012574)
4 mcs@jaburgwilk.com

5 Attorneys for Defendants True to
Life Productions, Inc., Heritage
6 House '76, Incorporated and
Brandon Monahan

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| New Parent World, LLC, a New Jersey for-profit corporation (d/b/a My Baby Experts), | Case No. 3:23-cv-08089-DGC |
| Plaintiff, | ANSWER OF DEFENDANTS TRUE TO LIFE PRODUCTIONS, INC., HERITAGE HOUSE '76, INCORPORATED AND BRANDON MONAHAN |
| v. | |
| True To Life Productions, Inc., an Arizona for-profit corporation; Brightcourse, LLC, an Arizona limited liability company; Heritage House '76, Incorporated, an Arizona for-profit corporation; Brandon Monahan, in his individual capacity, | |
| Defendant. | |

For their Answer to the Complaint, Defendants True to Life Productions, Inc., ("True to Life"), Heritage House '76, Incorporated ("Heritage House"), and Brandon Monahan ("Monahan") (collectively "Defendants") respond as follows:

**JURISDICTION AND VENUE**

1. Defendants admit Paragraph 1 of Plaintiff's Complaint that the listed claims are alleged but deny that such claims have merit.

2. Defendants admit Paragraph 2 of Plaintiff's Complaint.

3. Defendants admit Paragraph 3 of Plaintiff's Complaint.

**PARTIES**

4. Defendants lack sufficient information to form a belief as to the truth of the allegations of Paragraph 4 of Plaintiff's Complaint and therefore deny the same.

5. Defendants admit the allegations of Paragraph 5 of Plaintiff's Complaint.

6. Defendants lack sufficient information to form a belief as to the truth of the allegations of Paragraph 6 of Plaintiff's Complaint and therefore deny the same.

7. Defendants admit the allegations of Paragraph 7 of Plaintiff's Complaint.

8. Defendants admit the allegations of Paragraph 8 of Plaintiff's Complaint.

**BACKGROUND**

9. Defendants lack sufficient information to form a belief as to the truth of the allegations of Paragraph 9 of Plaintiff's Complaint and therefore deny the same.

10. Defendants lack sufficient information to form a belief as to the truth of the allegations of Paragraph 10 of Plaintiff's Complaint and therefore deny the same.

11. Defendants admit the allegations of Paragraph 11 of Plaintiff's Complaint as to Heritage House but deny the allegations of Paragraph 11 as to the remaining Defendants.

12. Defendants admit the allegations of Paragraph 12 of Plaintiff's Complaint.

13. Defendants admit the allegations of Paragraph 13 of Plaintiff's Complaint.

14. Defendants deny the allegations of Paragraph 14 of Plaintiff's Complaint.

15. Defendants admit the allegations of Paragraph 15 of Plaintiff's Complaint.

16. Defendants deny the allegations of Paragraph 16 of Plaintiff's Complaint and affirmatively allege that the agreement speaks for itself.

17. Defendants admit subparagraph (a) and (c) of Paragraph 17 of Plaintiff's Complaint and deny subparagraph (b) and (d) of Paragraph 17 of Plaintiff's Complaint.

18. Defendants deny the allegations of Paragraph 18 of Plaintiff's Complaint.

19. Defendants admit the allegations of Paragraph 19 of Plaintiff's Complaint.

20. Defendants deny the allegations of Paragraph 20 of Plaintiff's Complaint.

21. Defendants deny the allegations of Paragraph 21 of Plaintiff's Complaint.

22. Defendants lack sufficient information to form a belief as to the truth of the allegation that Rumble.com is a website repeatedly cited for circulating misleading or deceptive information and therefore deny the same. Defendants deny the remaining allegations of Paragraph 22 of Plaintiff's Complaint.

23. Defendants deny the allegations of Paragraph 23 of Plaintiff's Complaint.

24. Defendants deny the allegations of Paragraph 24 of Plaintiff's Complaint.

25. Defendants deny the allegations of Paragraph 25 of Plaintiff's Complaint and affirmatively allege that Heritage House created certain fact sheets with the knowledge and permission of Plaintiff and that Heritage House and True to Life distributed those fact sheets with the knowledge and permission of Plaintiff.

26. Defendants deny the allegations of Paragraph 26 of Plaintiff's Complaint.

27. Defendants admit the allegations of Paragraph 27 of Plaintiff's Complaint and affirmatively allege that this occurred with Plaintiff's knowledge and agreement. Defendants deny the remaining allegations of Paragraph 27 of Plaintiff's Complaint.

28. Defendants deny the allegations of Paragraph 28 of Plaintiff's Complaint.

29. Defendants deny the allegations of Paragraph 29 of Plaintiff's Complaint.

30. Defendants deny the allegations of Paragraph 30 of Plaintiff's Complaint.

**COUNT 1: False Copyright Management Information – 17 U.S.C. § 1202(a)**
**(against all Defendants)**

31. Defendants repeat and reallege each of their responses contained in this Answer.

32. Defendants deny the allegations of Paragraph 32 of Plaintiff's Complaint.

33. Defendants deny the allegations of Paragraph 33 of Plaintiff's Complaint.

34. Defendants deny the allegations of Paragraph 34 of Plaintiff's Complaint.

35. Defendants deny the allegations of Paragraph 35 of Plaintiff's Complaint.

## COUNT 2: Removal of Copyright Management Information - 17 U.S.C. § 1202(b) (against all Defendants)

36. Defendants repeat and reallege each of their responses contained in this Answer.

37. Defendants deny the allegations of Paragraph 37 of Plaintiff's Complaint.

38. Defendants deny the allegations of Paragraph 38 of Plaintiff's Complaint.

39. Defendants deny the allegations of Paragraph 39 of Plaintiff's Complaint.

## COUNT 3: Copyright Infringement - 17 U.S.C. § 501 (against all Defendants)

40. Defendants repeat and reallege each of their responses contained in this Answer.

41. Defendants admit the allegations of Paragraph 41 of Plaintiff's Complaint that True to Life had access to Plaintiff's copyrighted Intellectual Property by way of the Agreement. Defendants deny the remaining allegations of Paragraph 41 of the Complaint.

42. Defendants deny the allegations of Paragraph 42 of Plaintiff's Complaint.

43. Defendants admit that certain fact sheets contained content that was copied from Plaintiff's copyrighted Intellectual Property, deny the remaining allegations of Paragraph 43 of Plaintiff's Complaint, and affirmatively allege that this was done with Plaintiff's knowledge and agreement.

44. Defendants deny the allegations of Paragraph 44 of Plaintiff's Complaint.

45. Defendants deny the allegations of Paragraph 45 of Plaintiff's Complaint.

## COUNT 4: Copyright Infringement - 17 U.S.C. § 501 (against all Defendants)

46. Defendants repeat and reallege each of their responses contained in this Answer.

47. Defendants admit the allegations of Paragraph 47 of Plaintiff's Complaint that True to Life had access to Plaintiff's copyrighted Intellectual Property by way of

the Agreement. Defendants deny the remaining allegations of Paragraph 47 of the Complaint.

48. Defendants deny the allegations of Paragraph 48 of Plaintiff's Complaint.

49. Defendants deny the allegations of Paragraph 49 of Plaintiff's Complaint.

50. Defendants deny the allegations of Paragraph 50 of Plaintiff's Complaint.

51. Defendants deny the allegations of Paragraph 51 of Plaintiff's Complaint.

52. Defendants deny the allegations of Paragraph 52 of Plaintiff's Complaint.

**COUNT 5: Copyright Infringement - 17 U.S.C. § 501 (against all Defendants)**

53. Defendants repeat and reallege each of their responses contained in this Answer.

54. Defendants admit the allegations of Paragraph 54 of Plaintiff's Complaint that True to Life had access to Plaintiff's copyrighted Intellectual Property by way of the Agreement. Defendants deny the remaining allegations of Paragraph 54 of the Complaint.

55. Defendants deny the allegations of Paragraph 55 of Plaintiff's Complaint.

56. Defendants deny the allegations of Paragraph 56 of Plaintiff's Complaint.

57. Defendants deny the allegations of Paragraph 57 of Plaintiff's Complaint.

58. Defendants deny the allegations of Paragraph 58 of Plaintiff's Complaint.

59. Defendants deny the allegations of Paragraph 59 of Plaintiff's Complaint.

60. Defendants deny the allegations of Paragraph 60 of Plaintiff's Complaint.

**COUNT 6: Breach of Contract (against Defendant True to Life)**

61. Defendants repeat and reallege each of their responses contained in this Answer.

62. Defendants admit the allegations of Paragraph 62 of Plaintiff's Complaint.

63. Defendants deny the allegations of Paragraph 63 of Plaintiff's Complaint.

64. Defendants admit the Agreement committed True to Life to "exercise the same degree of care" with regard to Plaintiff's Intellectual Property as True to Life would exercise with their own proprietary information and deny the remaining allegations of Paragraph 64 of Plaintiff's Complaint.

65. Defendants deny the allegations of Paragraph 65 of Plaintiff's Complaint.

66. Defendants deny the allegations of Paragraph 66 of Plaintiff's Complaint.

67. Defendants deny the allegations of Paragraph 67 of Plaintiff's Complaint.

68. Defendants deny the allegations of Paragraph 68 of Plaintiff's Complaint.

**COUNT 7: False Designations of Origin, False Descriptions, and Dilution - 15 U.S.C. § 1125 (against all Defendants)**

69. Defendants repeat and reallege each of their responses contained in this Answer.

70. Defendants deny the allegations of Paragraph 70 of Plaintiff's Complaint.

71. Defendants deny the allegations of Paragraph 71 of Plaintiff's Complaint.

72. Defendants deny the allegations of Paragraph 72 of Plaintiff's Complaint.

73. Defendants deny the allegations of Paragraph 73 of Plaintiff's Complaint.

74. Defendants deny the allegations of Paragraph 74 of Plaintiff's Complaint.

75. Defendants deny the allegations of Paragraph 75 of Plaintiff's Complaint.

**COUNT 8: False Designations of Origin, False Descriptions, and Dilution - 15 U.S.C. § 1125 (against all Defendants)**

76. Defendants repeat and reallege each of their responses contained in this Answer.

77. Defendants deny the allegations of Paragraph 77 of Plaintiff's Complaint.

78. Defendants deny the allegations of Paragraph 78 of Plaintiff's Complaint.

79. Defendants deny the allegations of Paragraph 79 of Plaintiff's Complaint.

80. Defendants deny the allegations of Paragraph 80 of Plaintiff's Complaint.

81. Defendants deny the allegations of Paragraph 81 of Plaintiff's Complaint.

## COUNT 9: Unfair Competition (against all Defendants)

82. Defendants repeat and reallege each of their responses contained in this Answer.

83. Defendants deny the allegations of Paragraph 83 of Plaintiff's Complaint.

84. Defendants deny the allegations of Paragraph 84 of Plaintiff's Complaint.

85. Defendants deny the allegations of Paragraph 85 of Plaintiff's Complaint.

86. Defendants deny the allegations of Paragraph 86 of Plaintiff's Complaint.

87. Defendants deny the allegations of Paragraph 87 of Plaintiff's Complaint.

88. Defendants deny the allegations of Paragraph 88 of Plaintiff's Complaint.

## COUNT 10: Breach of Covenant of Good Faith and Fair Dealing (against Defendant True to Life)

89. Defendants repeat and reallege each of their responses contained in this Answer.

90. Defendants admit the allegations of Paragraph 90 of Plaintiff's Complaint.

91. Paragraph 91 of Plaintiff's Complaint is a statement of pure law that requires no response.

92. Defendants deny the allegations of Paragraph 92 of Plaintiff's Complaint.

93. Defendants deny the allegations of Paragraph 93 of Plaintiff's Complaint.

94. Defendants deny the allegations of Paragraph 94 of Plaintiff's Complaint.

95. Defendants deny the allegations of Paragraph 95 of Plaintiff's Complaint.

96. Defendants deny the allegations of Paragraph 96 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

Subject to the responses above, Defendants allege and assert the following defenses in response to the allegations set forth in Plaintiff's Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses and affirmative defenses described below, and subject to its responses above, Defendants

specifically reserve the right to allege additional affirmative defenses that become known through the course of discovery and ongoing litigation.

  A. One or more of Plaintiff's claims fail to state facts sufficient to constitute a claim for relief.

  B. Plaintiff's copyright claims are barred to the extent that Plaintiff is not the author or owner of the content at issue.

  C. Plaintiff's copyright claims are barred by fair use.

  D. Plaintiff's copyright claims are barred to the extent that the content is facts and data not subject to copyright protection.

  E. Plaintiff's claims are barred by reason that Plaintiff granted Defendant an express or implied license to use the subject content.

  F. The claims are barred, in whole or in part, by the doctrines of estoppel, waiver, acquiescence, and laches.

  G. Plaintiff's requested remedies are barred by reason that its damages, if any, were the result, wholly or in part, of the negligent, fraudulent, or other wrongful acts and omissions of Plaintiff.

  H. Plaintiff's requested remedies are barred by reason that it did not have valid copyright registrations prior to the alleged infringement.

  I. Plaintiff's requested remedies are barred due to Plaintiff's failure to mitigate damages, if any.

  J. Plaintiff's requested remedies are barred or limited to the extent Plaintiff failed to utilize copyright markings on or in connection with the subject content.

  K. Plaintiff's trademark-related claims are barred because Plaintiff has no valid trademark rights in the claimed words or phrases, either because they are generic and incapable of trademark protection or they are descriptive and have not acquired distinctiveness.

L. Plaintiff's trademark-related claims are barred because any use was fair use.

M. Plaintiff's claims are barred because any use was legitimate use of a descriptive phrase.

N. Plaintiff's claims are barred by the First Amendment of the United States Constitution.

O. Plaintiff's trademark claims are barred under the *Rogers* test.

P. Plaintiff's claims under 17 U.S.C. § 1202 are barred because Defendant lacked the requisite knowledge or intent.

Q. Defendants reserve the right to assert additional defenses based on information learned or obtained during discovery.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants request the following relief:

A. That Plaintiff's Complaint be dismissed with prejudice and that Plaintiff take nothing thereby;

B. That Defendants be awarded their attorney fees pursuant to 17 U.S.C. §505 and/or 15 U.S.C. §1117; and

C. That Defendants be awarded their costs, pursuant to A.R.S. § 12-341 and 17 U.S.C. §505; and

D. For such other and further relief as the Court deems just and proper.

DATED this 29th day of June, 2023.

**Jaburg & Wilk, P.C.**

/s/Maria Crimi Speth
Maria Crimi Speth
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
Attorneys for Defendants True to Life
Productions, Inc., Heritage House '76,
Incorporated and Brandon Monahan

9

*Certificate of Service*

I hereby certify that on the 29th day of June, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Monica Pertea
David Johns
Aspey Watkins & Diesel, PLLC
123 North San Francisco Street, 3rd Floor
Flagstaff, Arizona 86001
mpertea@awdlaw.com
djohns@awdlaw.com
Attorneys for Plaintiff

/s/Debra Gower