WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| New Parent World, LLC, d/b/a My Baby Experts,<br><br>  Plaintiff,<br><br>v.<br><br>True To Life Productions, Inc.; Brightcourse, LLC; Heritage House '76, Inc.; and Brandon Monahan,<br><br>  Defendants. | No. CV-23-08089-PCT-DGC<br><br>**ORDER** |

Plaintiff New Parent World asserts copyright, contract, trademark, and unfair competition claims against Defendants True To Life Productions ("True To Life"), Heritage House '76, ("Heritage House"), and their CEO Brandon Monahan. Doc. 1.[1] Plaintiff moves for leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15. Doc. 27. The motion is fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); LRCiv 7.2(f). For reasons stated below, the Court will grant the motion.

**I.  Background.**

Plaintiff created original copyrighted content for teaching breastfeeding techniques and newborn care. Doc. 1 ¶¶ 9-10. In 2010, Heritage House began purchasing the content and distributing it in audio and DVD formats. *Id.* ¶ 11. On April 1, 2019, Plaintiff entered

---

[1] Plaintiff has dismissed its claims against Defendant Brightcourse. Doc. 12.

1

into a licensing and royalty agreement with True To Life allowing it to distribute the content on a subscription-based website. *Id.* ¶¶ 12-17.

Plaintiff alleges that True To Life breached the agreement by making the content available for free on a trial basis, distributing it to other third-party websites without permission, altering the content without authorization, and creating derivative works from the content without providing compensation. Plaintiff further alleges that after the agreement terminated, True To Life removed Plaintiff's copyright notices from the content, added its own copyright notices to derivative works, and marketed knockoff videos and lesson materials in competition with Plaintiff's content. *Id.* ¶¶ 20-30.

The complaint asserts ten claims: false copyright management information and removal of the same in violation of 17 U.S.C. § 1202(a)-(b) (counts one and two); copyright infringement in violation of 17 U.S.C. § 501 (counts three through five); breach of contract and the covenant of good faith and fair dealing under Arizona law (counts six and ten); false designation of origin, false description, and dilution in violation of 15 U.S.C. § 1125 (counts seven and eight); and unfair competition under Arizona law (count nine). *Id.* ¶¶ 31-96. Defendants answered the complaint and asserted various affirmative defenses. Doc. 13.

Plaintiff substituted counsel and then moved for leave to amend the complaint. Docs. 22-23, 27. Plaintiff seeks to delete the dilution claim from count seven and remove count eight, add a claim for unjust enrichment in new count ten, add requests for statutory damages and attorneys' fees to the copyright claims in counts one through five, and include relevant factual allegations to the complaint's background section and various counts. *See* Docs. 27 at 4-5, 27-1, 29 at 7.

**II.    Leave to Amend Standard.**

Rule 15(a) makes clear that the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). In deciding whether to grant leave to amend, the Court "must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits rather than on the pleadings or technicalities." *DCD Programs, Ltd. v. Leighton*,

2

833 F.2d 183, 186 (9th Cir. 1987) (citation omitted).  The policy in favor of leave to amend must not only be heeded, *Foman v. Davis*, 371 U.S. 178, 182 (1962), it must be applied with extreme liberality, *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 880 (9th Cir. 2001).

The Court may deny leave to amend where there is futility of the proposed amendment, undue delay or bad faith on the part of the moving party, or undue prejudice to the opposing party.  *Foman*, 371 U.S. at 182.  "It is the consideration of prejudice to the opposing party that carries the greatest weight," and "absent prejudice or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (cleaned up).  The opposing party bears the burden of showing prejudice or one of the other permissible reasons for denying leave to amend.  *See DCD Programs*, 833 F.2d at 187.

**III.    Discussion.**

Defendants do not contend that granting leave to amend would be prejudicial.  Nor do they assert that Plaintiff seeks leave to amend in bad faith or that the request is untimely.  Defendants instead argue that the proposed amendments are clearly futile.  Doc. 28 at 1-3.  The Court does not agree.

**A.    The Proposed Unjust Enrichment Claim (Count Ten).**

To state an unjust enrichment claim in Arizona, the plaintiff must allege five elements: (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and impoverishment, (4) the absence of justification for the enrichment and impoverishment, and (5) the absence of a remedy provided by law.  *See Freeman v. Sorchych*, 245 P.3d 927, 936 (Ariz. Ct. App. 2011).  The proposed unjust enrichment claim alleges that Defendants were enriched and Plaintiff was impoverished by Defendants' use of Plaintiff's intellectual property, the enrichment and impoverishment are connected and are without justification, and Plaintiff is without a remedy provided by law.  Doc. 27-1 ¶¶ 128-31.

Defendants do not contend that the unjust enrichment claim lacks an essential element. They instead argue that the claim is preempted by federal copyright law because it simply alleges a misappropriation of copyrights under a different name. Doc. 28 at 2, 12-17. But Plaintiff makes clear in its reply that the unjust enrichment claim is an alternative theory of liability to the contract claims, not the copyright claims. Doc. 29 at 9-10.[2] Courts in this Circuit have held that that where the "[p]laintiff's unjust enrichment claim is truly an alternative pleading to its breach of contract claims, it survives . . . preemption." *Genasys Inc. v. Vector Acoustics, LLC*, No. 22-CV-152 TWR (BLM), 2023 WL 4414222, at *22 (S.D. Cal. July 7, 2023) (cleaned up); *see Perfect 10, Inc. v. Google, Inc.*, No. CV 04-9484 AHM (SHX), 2008 WL 4217837, at *9 (C.D. Cal. July 16, 2008) ("In alleging the basis for its unjust enrichment claim, P10 specifically avoided relying on its copyright claims. To the extent its unjust enrichment theory of relief is based on nonpreempted claims[,] the unjust enrichment claim is not preempted by the Copyright Act.") (cleaned up); *Denton v. Dep't Stores Nat'l Bank*, No. C10-5830RBL, 2011 WL 3298890, at *6 (W.D. Wash. Aug. 1, 2011) ("The Court will not grant leave to amend the claims that are preempted because any amendment would be futile. It is not clear, however, that any claims would be futile for breach of contract, breach of the duty of good faith and fair dealing, or unjust enrichment.").

Defendants have not made a strong showing that the unjust enrichment claim is futile. *See Eminence Capital*, 316 F.3d at 1052; *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) (noting that "an amendment is 'futile' only if it would clearly be subject to dismissal") (citing *DCD Programs*, 833 F.2d at 188). The Court will grant leave to amend with respect to the unjust enrichment claim.

**B.   Defendants' Other Arguments.**

The only claim Plaintiff seeks to add is the unjust enrichment claim. The other proposed amendments are the inclusion of relevant facts inadvertently omitted from the

---

[2] Defendants do not contend that the contract claims fail to state claims for relief or that they are preempted by federal copyright law.

4

original complaint, requests for statutory damages and attorneys' fees in the copyright claims, and certain stylistic changes. *See* Docs. 27 at 4, 27-1, 29 at 2-3.

Defendants argue that counts one, two, and seven fail to state a claim for relief and the unfair competition claim should be dismissed because it is preempted by federal copyright law. Doc. 28 at 1-7, 10-17. Defendants note that they intend to further address these arguments in a motion to dismiss once the present motion is resolved. *Id.* at 2 n.1. But Rule 12(b) makes clear that a motion to dismiss "must be made before pleading if a responsive pleading is allowed." Because Defendants answered the claims in the original complaint, they may not now move to dismiss the claims. *See Mazal Grp., LLC v. Barak*, No. CV 18-4983-DMG (FFMx), 2018 WL 11352629, at *1 (C.D. Cal. Dec. 27, 2018) ("Courts in the Ninth Circuit interpret Rule 12(b) to mean exactly what it says: that Rule 12(b) motions must be filed before the Answer. Accordingly, when Barak filed his initial Answer, his window for filing a Rule 12(b)(6) motion closed.") (citation omitted); *Townsend Farms v. Goknur*, No. SA CV 15-0837-DOC (JCGx), 2016 WL 10570248, at *6 (C.D. Cal. Aug. 17, 2016) ("Holding that an amended complaint allows a defendant a fresh opportunity to bring a 12(b)(6) motion to dismiss as to claims raised by a prior – answered – complaint would undermine the requirements of [Rule 12]."); *Brooks v. Caswell*, No. 3:14-CV-01232-AC, 2016 WL 866303, at *3 (D. Or. Mar. 2, 2016) ("Allowing a post-answer motion to dismiss on an amended complaint where the amendment merely substantiates existing claims would render the Rule 12(b) restriction on post-answer motions meaningless. As such, this court follows many other circuits and district courts across the country which have held that an amended complaint does not revive the right to file a post-answer motion to dismiss[.]"); *Ernest Bock, LLC v. Steelman*, No. 2:19-cv-01065-JAD-EJY, 2021 WL 1550332, at *3 (D. Nev. Apr. 20, 2021) ("[M]any of the declaratory-relief claims presented in the amended pleading were already alleged in Bock's third amended complaint, which the Steelmans answered. I see no reason to give the Steelmans a second bite at a Rule 12(b)(6) motion masquerading as an opposition to a motion for leave to amend."); *Sid Avery & Assocs., Inc. v. Pixels.com, LLC*, No. CV 18-

5

10232-CJC(SSX), 2019 WL 8806199, at *2 (C.D. Cal. June 24, 2019) ("An opposition to a motion for leave to file an amended pleading is not an appropriate medium to litigate the merits of [the] original claims.").[3]

Defendants argue that the statutory damages and attorneys' fees sought in amended counts three through five are not available because the alleged copyright infringement commenced prior to registration of Plaintiff's copyrights. Doc. 28 at 2, 7-10. But the amended complaint alleges that Defendants violated Plaintiff's copyrights through the unauthorized creation of new derivative works after registration of the copyrights. Doc. 27-1 ¶¶ 70, 78, 87. The Court must accept these allegations as true for purposes of the motion to amend. *See Utherverse Gaming LLC v. Epic Gaming, Inc.*, No. 2:21-cv-00799-RSM-TLF, 2023 WL 4908304, at *4 (W.D. Wash. July 10, 2023) ("To analyze whether any amendment would be futile, the Court accepts the assertions of fact as true[.]"); *Winet v. Arthur Gallagher & Co.*, No.: 3:20-CV-00014 W (BGS), 2020 WL 4015709, at *4 (S.D. Cal. July 16, 2020) ("Construing all allegations in Plaintiff's proposed first amended complaint as true and drawing all reasonable inferences therefrom in [his] favor, the Court declines to find as a matter of law that amendment would be futile."); *Progressive Semiconductor Sols. LLC v. Marvell Semiconductor, Inc.*, No. 8:14-cv-00330-ODW(JEMx), 2014 WL 12581783, at *1 (C.D. Cal. June 16, 2014) ("[A]t this stage of the litigation and without the benefit of discovery, this Court cannot say whether amendment is futile and accepts Progressive's allegations as true."); *see also Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Fiesta Palm LLC*, No. 2:11-cv-00598-JCM-GWF, 2012 WL 13049886, at *1 (D. Nev. Apr. 27, 2012) ("In opposing this amendment, Plaintiff is arguing contested issues of fact that are not properly decided in a motion for leave to amend or

---

[3] If Defendants wish to challenge the factual or legal sufficiency of the claims reasserted in the amended complaint, they may file an answer and then move for judgment on the pleadings. *See* Fed. R. Civ. P. 12(c), (h)(2)(b); *DISH Network L.L.C. v. Jadoo TV, Inc.*, No. 20-CV-01891-CRB, 2020 WL 5816579, at *3 (N.D. Cal. Sept. 30, 2020) ("Because motions for judgment on the pleadings are only available at the close of the pleadings, Sohail was required to file an answer to the amended complaint before moving for judgment on the pleadings.").

motion to dismiss. Consequently, this Court cannot conclude, as a matter of law, that amendment of Palms' answer would be futile.").

In light of the liberal policy favoring amendment and the absence of prejudice to Defendants, the Court will grant Plaintiff leave to add requests for statutory damages and attorneys' fees to the copyright claims.

**IT IS ORDERED:**

1. Plaintiff's motion for leave to amend the complaint (Doc. 27) is **granted**.

2. Plaintiff shall file the amended complaint (*see* Doc. 27-1) by **April 29, 2024**.[4]

Dated this 17th day of April, 2024.

David G. Campbell
Senior United States District Judge

---

[4] Plaintiff shall delete the word "Dilution" from the title of count seven. *See* Docs. 27-1 at 22, 28 at 12, 29 at 7 n.3.