1   Krystle Delgado, AZ Bar No. 031219
    **Delgado Entertainment Law, PLLC**
2   3295 North Drinkwater Blvd., Suite 9
    Scottsdale, Arizona 85251
3   Telephone: (480) 248-0657
    Facsimile: (480) 718-8759
4   krystle@delgadoentertainmentlaw.com
    *Attorney for Plaintiff*
5

6                    **UNITED STATES DISTRICT COURT**

7                        **DISTRICT OF ARIZONA**

8   New Parent World, LLC, a New Jersey for-
    profit corporation (d/b/a My Baby          Case No. 3:23-CV-08089-DGC
9   Experts),
                                                **FIRST AMENDED COMPLAINT**
10                 Plaintiff,
                                                **(Copyright Infringement, False**
11        vs.                                   **Copyright Management, Breach of**
                                                **Contract, Unfair Competition, Breach**
12  True To Life Productions, Inc., an Arizona **of Covenant of Good Faith and Fair**
    for-profit corporation; Heritage House '76, **Dealing, Unjust Enrichment)**
13  Incorporated, an Arizona for-profit
    corporation; Brandon Monahan, in his       **(Jury Trial Requested)**
14  individual capacity,

15                 Defendant.

16        Plaintiff, New Parent World, LLC, d/b/a My Baby Experts ("Plaintiff"), through

17  undersigned counsel, hereby submits this Complaint against Defendants, True To Life

18  Productions, Inc., Heritage House '76, Incorporated, and Brandon Monahan

19  ("Defendants"), and alleges as follows:

20                       **JURISDICTION AND VENUE**

21        1.    This Complaint alleges claims for Removal of Copyright Information and

22  False Copyright Management Information (17 U.S.C. § 1202 et. seq), Copyright

23  Infringement (17 U.S.C. § 501 et. seq.), False Designation of Origin (15 U.S.C. § 1125 et.

24
                                    - 1 -

DELGADO ENTERTAINMENT LAW, PLLC
3295 N. Drinkwater Blvd, #9
Scottsdale AZ 85251
(480) 248-0657

seq.) and Arizona common law claims for Breach of Contract, Unfair Competition, Breach of the Covenant of Good Faith and Fair Dealing, and Unjust Enrichment, as more fully set forth below.

2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as a civil action arising under the laws of the United States.  Pursuant to 28 U.S.C. § 1367(a), this Court retains supplemental jurisdiction over Plaintiff's Arizona common law claims, all of which arise from the same case or controversy.

3.    Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2).  The actions upon which Plaintiff bases its Complaint occurred within the District of Arizona. Additionally, venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(1). All defendants are residents of the District of Arizona.

### PARTIES

4.    Plaintiff New Parent World, LLC, d/b/a My Baby Experts, is a New Jersey limited liability company (hereinafter, "My Baby Experts") with a known place of business at 25 Westbury Drive, Sparta, NJ 07871.

5.    Defendant True To Life Productions, Inc. d/b/a Bright Parents and Bright Course is an Arizona for-profit corporation (hereinafter, "True To Life") with a known place of business at 261 S. 1st St E, Snowflake, AZ 85937.

6.    Defendant Heritage House '76, Incorporated is an Arizona for-profit corporation (hereinafter, "Heritage House") with a known place of business at 919 S. Main Street, Snowflake, AZ 85937.

DELGADO ENTERTAINMENT LAW, PLLC
3295 N. Drinkwater Blvd, #9
Scottsdale AZ 85251
(480) 248-0657

7. Defendant Brandon Monahan ("Monahan") is the Chairman of the Board of Directors and CEO of True To Life.  Monahan is also President and CEO of Heritage House and, upon information and belief, is a resident of the State of Arizona.

**BACKGROUND**

8. Plaintiff My Baby Experts has been in the business of creating important original content, including audio and audio-visual works, focused on teaching breastfeeding techniques and improved newborn care to new parents since at least the year 2004.

9. My Baby Experts' content is registered and protected under United States Copyright Law.  My Baby Experts' copyright registrations applicable to the claims made herein are attached hereto as **Exhibit A**.

10. Beginning in 2010, Defendant Heritage House began purchasing and distributing My Baby Experts' content in English and Spanish audio and DVD formats, including its DVD breastfeeding courses entitled "Simply Breastfeeding, the Criso Breastfeeding Method" (hereafter the "Simply Breastfeeding course") and "Breast Pumps and Briefcases, Breastfeeding for the Working Mom" (hereafter the "Breast Pumps and Briefcases course") (collectively the "Intellectual Property"). My Baby Experts only provided Heritage House a license to distribute the physical DVD versions of the Intellectual Property.

11. On April 1, 2019, My Baby Experts entered into a Digital Content Rights Distribution and Royalty Agreement (the "Agreement") with Defendant True to Life, which permitted True To Life to distribute the Intellectual Property solely online via the

DELGADO ENTERTAINMENT LAW, PLLC
3295 N. Drinkwater Blvd, #9
Scottsdale AZ 85251
(480) 248-0657

True To Life's paid subscription website: www.brightcourse.com (the "Bright Course Website").

12. The Agreement was for a term of two years, with an additional automatic renewal for one successive one-year term, unless terminated by either party not less than 90 days prior to renewal.

13. The Agreement granted True To Life limited "digital streaming rights for the audio, video and/or still image files" for the Intellectual Property in the United States and Canada via the Bright Course Website.

14. Pursuant to the Agreement, True To Life expressly undertook to safeguard My Baby Experts' content and to make it available *only* on the Bright Course Website, on a paid subscription basis for which royalties would be paid to My Baby Experts.

15. Specifically, Defendant True To Life represented and warranted that:

(a) Grantee must "…restrict access to the Property to customers of the [Bright Course Website] who are accessing the [Bright Course Website] on a trial or active subscription basis."

(b) "The Property shall not be stored in such a way that allows public access or download."

(c) Grantee must "…exercise the same degree of care" with respect to the Intellectual Property that Grantee exercises with respect to its "own proprietary information"; and

(d) Grantee must not allow My Baby Experts' content to be subject to any "third-party software designed to reproduce the video in downloadable     format."

DELGADO ENTERTAINMENT LAW, PLLC
3295 N. Drinkwater Blvd, #9
Scottsdale AZ 85251
(480) 248-0657

DELGADO ENTERTAINMENT LAW, PLLC
3295 N. Drinkwater Blvd, #9
Scottsdale AZ 85251
(480) 248-0657

16.   By its terms, the Agreement expired on March 31, 2022.

17.   On July 20, 2022, Defendant Monahan provided email notice to My Baby Experts that True To Life was seeking to terminate the Agreement. Monahan committed in that correspondence to "remove [My Baby Experts'] content from Brightcourse on November 17th, 2022" and represented that My Baby Experts would "…be paid full royalties for anyone who views [its] content."

18.   Following Monahan's correspondence indicating True To Life's intent to terminate the Agreement, My Baby Experts discovered numerous violations of the Agreement, of the United States Copyright Law, and of Arizona common law by Defendants.

19.   To start, My Baby Experts discovered that True To Life made the Intellectual Property available on the Bright Course Website for free to subscribers using the Bright Course Website on a trial basis.

20.   True To Life also made the Intellectual Property available publicly and for free on a non-restricted online database, Rumble.com ("Rumble"). The distribution to Rumble was not inadvertently done, as True To Life publicly hosts other third-party content contained on the Bright Course Website on Rumble, and True To Life has internal training videos teaching its team members how to upload content to Rumble.

21.   True to Life additionally distributed My Baby Experts' Intellectual Property to www.reviewonline.org ("Review Online").   Upon information and belief, Review Online is owned and/or controlled by Defendants. Defendants failed to ever account for, or pay to My Baby Experts, if applicable, earnings received from the Review Online

website, nor otherwise pay My Baby Experts in order to license the Intellectual Preoprty for use on the Review Online website.

22.  Without authorization or permission, and in breach of the Agreement, True to Life also distributed My Baby Experts' Intellectual Property to its Bright Parents website: www.brightparents.com ("Bright Parents Website"), which is also a subscription-based platform. Defendants failed to ever account for, or pay to My Baby Experts, if applicable, earnings received as a result of the unauthorized distribution of the Intellectual Property to the Bright Parents Website, nor otherwise pay My Baby Experts in order to license the Intellectual Preoprty for use on the Bright Parents Website.

23.  My Baby Experts is entitled to full disgorgement of Defendants' profits earned from these unauthorized distributions to Bright Parents, Review Online, and any other third-party websites, to be determined as discovery continues in this matter.

24.  Without authorization or permission, and in breach of the Agreement, True to Life edited, combined, and substantially modified the Intellectual Property by combining the twelve (12) separate video modules of the 2019 English version of the Simply Breastfeeding course into five (5) video modules, which were distributed online by Defendants to the Bright Course Website and other third-party websites.

25.  True to Life additionally removed two (2) of the video modules from the 2019 English version of the Simply Breastfeeding course entirely without notice or authorization by My Baby Experts, which were essential for establishing the My Baby Experts representative as an expert in the newborn and breastfeeding education space.

26.  True to Life took the same steps outlined in Paragraphs 24-25 related to the 2019 Spanish version of the Simply Breastfeeding course, combining between the English

DELGADO ENTERTAINMENT LAW, PLLC
3295 N. Drinkwater Blvd, #9
Scottsdale AZ 85251
(480) 248-0657

1   and Spanish Simply Breastfeeding courses a total of twenty-four (24) video modules into

2   ten (10) video modules.

3       27.   Without authorization or permission, and in breach of the Agreement, True

4   to Life edited, combined, and substantially modified the Intellectual Property by combining

5   the ten (10) separate video modules of the 2012 English version of the Simply

6   Breastfeeding course into four (4) video modules, which were distributed online by

7   Defendants to the Bright Course Website and other third-party websites. True to Life

8   additionally removed two (2) of the video modules from the 2012 English version of the

9   Simply Breastfeeding course entirely without notice or authorization by My Baby Experts,

10   which were essential for establishing the My Baby Experts representative as an expert in

11   the newborn and breastfeeding education space.

12       28.   True to Life took the same steps outlined in Paragraph 27 related to the 2012

13   Spanish version of the Simply Breastfeeding course, combining between the English and

14   Spanish versions of the 2012 Simply Breastfeeding course a total of twenty (20) video

15   modules into eight (8) video modules.

16       29.   True To Life additionally combined the eleven (11) separate video modules

17   of the English version of the Breast Pumps and Briefcases course into one (1) video

18   module, which was distributed online by Defendants to the Bright Course Website and

19   other third-party websites.

20       30.   True To Life took the same steps outlined in Paragraph 29 related to the

21   Spanish version of the Breast Pumps and Briefcases course, combining a total of twenty

22   (22) separate video modules into two (2) video modules.

23

24

DELGADO ENTERTAINMENT LAW, PLLC
3295 N. Drinkwater Blvd, #9
Scottsdale AZ 85251
(480) 248-0657

31.  True To Life combined sixty-six (66) separate video modules comprising the Intellectual Property into just twenty (20) without My Baby's Experts permission or awareness, and in breach of the Agreement.

32.  Pursuant to Section 4 of the Agreement, True To Life and My Baby Experts' agreed that My Baby Experts would receive a pro-rated amount from a total "twenty-five (25%) of net sales from digital subscriptions" for all content hosted on the subscription-based Bright Course Website. According to the Agreement, My Baby Experts would receive its pro-rated share of earnings based on views received on the My Baby Experts individual video modules. A "View" is defined in the Agreement as a single session of a subscriber viewing thirty (30) seconds or more of any video module hosted on the Bright Course website.

33.  True To Life combined, deleted, or otherwise modified the sixty-six (66) individual video modules comprising the English and Spanish versions of the Intellectual Property into just twenty (20) video modules, in an intentional effort to deprive My Baby Experts from receiving full payment for use of all sixty-six (66) video modules, which would have resulted in significantly more earnings to My Baby Experts; an unpaid difference currently estimated to be no less than Sixty-Thousand Ninety-Eight Dollars and 11/100 ($60,098.11), but likely significantly more.

34.  Indeed, True To Life failed to account for all views received related to the Intellectual Property (as noted further below), including but not limited to views earned by subscribers utilizing the Bright Course Website on a free trial basis.

35.  Upon the discovery that True To Life had combined My Baby Experts' video modules together, in or about March of 2020, My Baby Experts promptly addressed the

DELGADO ENTERTAINMENT LAW, PLLC
3295 N. Drinkwater Blvd, #9
Scottsdale AZ 85251
(480) 248-0657

1   issue with True To Life (in connection with My Baby Experts' other concerns related to

2   True To Life's seemingly inaccurate accounting). In response, True To Life apologized for

3   the "surprise," but nonetheless failed to cure the breach, or pay My Baby Experts in

4   accordance with the Agreement.

5       36. The issues of True To Life's late accounting statements, seemingly

6   inaccurate accounting, and the combining of the video modules were all issues that

7   remained unresolve as the My Baby Expert owners were otherwise attempting to navigate

8   not only the loss of a close family member, but also the Covid-19 epidemic.

9       37. Pursuant to Section 13 of the Agreement, My Baby Experts never waived

10  these breaches by True To Life, and My Baby Experts remains entitled to full and accurate

11  payment for all views received by the Intellectual Property via the combined modules on

12  the Bright Course Website, which, if not combined, would have been counted as individual

13  views for all applicable video module, and significantly more revenue payable to My Baby

14  Experts.

15      38. My Baby Experts also discovered that in multiple instances, True To Life

16  removed My Baby Experts' copyright notice when it published My Baby Experts'

17  copyrighted works on Rumble, the Bright Course Website, Bright Parents, and other third-

18  party websites, to be determined as discovery continues.

19      39. Defendants concurrently created infringing knockoff videos that are

20  substantially similar to My Baby Experts' own video content (hereafter the "Infringing

21  Course"), and Defendants marketed its Infringing Course in direct competition with My

22  Baby Experts.

23

24

DELGADO ENTERTAINMENT LAW, PLLC
3295 N. Drinkwater Blvd, #9
Scottsdale AZ 85251
(480) 248-0657

40. To date, My Baby Experts has identified approximately one hundred sixty (160) instances of word-for-word or almost exact copying of the My Baby Experts Intellectual Property in the Infringing Course.

41. True To Life additionally created derivative works of the Intellectual Property and displayed the derivative works to the public for free, including on the Bright Course website and other third-party websites.

42. For example, upon information and belief, True To Life used the Intellectual Property to create and distribute "recap" videos, which contain various sections of the Simply Breastfeeding course, as well as the Breast Pumps and Briefcases course in English and/or Spanish (the "Recap Videos"). Beyond the unauthorized creation of the Recap Videos, True To Life never accounted to, or paid, My Baby Experts for the views received on the Recap Videos while hosted on the Bright Course Website.

43. Upon information and belief, True To life also created and distributed "preview" videos, which contain various sections of the Simply Breastfeeding course, as well as the Breast Pumps and Briefcases course in English and/or Spanish (the "Preview Videos").

44. Upon information and belief, True To Life made the Preview Videos viewable to the public, and for free, without permission or authorization from My Baby Experts. True To Life did this in violation of Section 3(a) of Agreement, which specifically states that the Intellectual Property would not be made public in any way.

45. Pursuant to Section 7 of the Agreement, My Baby Experts "maintain[ed] the right of review over the textual content of lesson descriptions, video worksheets, homework, and factsheets" related to the Intellectual Property (hereafter the "Lesson

Materials"). My Baby Experts only learned of the creation of Lesson Materials by Defendants after this dispute arose in January of 2023. Other than the accompanying lesson modules created by Heritage House in conjunction with the physical DVDs containing the Intellectual Property, which were reviewed by My Baby Experts in 2020, no other Lesson Materials created by Defendants were ever reviewed, approved, or consented to by My Baby Experts.

46.  This includes not only Literature Packs created and sold by Heritage House without authorization or permission by My Baby Experts (of which My Baby Experts never received payment for), but also the Lessons Materials created and distributed by True To Life, specifically: Fact Sheets, Discussion Questions, Homework, Worksheets, and Spiritual Applications. Defendants created these Lesson Materials by copying and transcribing, substantially similar or word-for-word, My Baby Experts' copyrighted Intellectual Property (the Recap Videos, Preview Videos, and Lesson Materials collectively referred to hereafter as the "Derivative Works").

47. Certain Lesson Materials contained not only typos, but misleading and erroneous information, including information that conflicted with My Baby Experts' teachings contained in the Intellectual Property.

48. After creating the Derivative Works by copying and transcribing the information from the Intellectual Property, without authorization, Defendants then added their own copyright symbols on the Lesson Materials.

49.  Defendants' affiliation of My Baby Experts' work product with such misleading and erroneous information has harmed My Baby Expert's credibility and reputation, as the Lesson Materials were not only directly downloadable on the Bright

DELGADO ENTERTAINMENT LAW, PLLC
3295 N. Drinkwater Blvd, #9
Scottsdale AZ 85251
(480) 248-0657

Course Website in association with the My Baby Exerts' Intellectual Property, but also directly downloadable on the Bright Parents Website, which is discoverable from a simple Google search.

50.     Defendants excluded My Baby Experts' name, symbols, and/or trademarks from the Lesson Materials entirely, and failed to credit My Baby Experts as an author. Defendants merely reworded the Intellectual Property (or otherwise copied it word-for-word) in the creation of the Lesson Materials, and then distributed the Lesson Materials bearing only Defendants' trademarks, brands and copyright notices.

51.     As of the filing of the Amended Complaint, Defendants have still failed to remove all copies of the Intellectual Property from their and/or their licensee's online platforms, which Intellectual Property is discoverable for free via a Google search.

52.     Defendants have also failed to remove My Baby Experts' copyrighted content from their Infringing Course and course materials thereto.

## **COUNT 1: False Copyright Management Information – 17 U.S.C. § 1202(a)**
## **(against all Defendants)**

53.     Plaintiff incorporates the foregoing allegations herein as if restated in full.

54.     Defendants knowingly and with the intent to facilitate and conceal infringement omitted Plaintiff's copyright management information, and instead, added Defendants' own copyright management information to the Derivative Works.

55.     Defendants created and distributed Derivative Works bearing falsified copyright management information, without seeking or receiving permission to use Plaintiff's Intellectual Property.

DELGADO ENTERTAINMENT LAW, PLLC
3295 N. Drinkwater Blvd, #9
Scottsdale AZ 85251
(480) 248-0657

DELGADO ENTERTAINMENT LAW, PLLC
3295 N. Drinkwater Blvd, #9
Scottsdale AZ 85251
(480) 248-0657

56. Defendants' falsification of copyright management information as to Plaintiff's copyrighted Intellectual Property has harmed Plaintiff's business and caused confusion in the marketplace.

57. Plaintiff seeks statutory damages pursuant to 17 U.S.C. § 1203(c)(3)(B) for an estimated ninety-four (94) violations, in the sum of Twenty-Five Thousand Dollars ($25,000.00) for each violation, in the amount of Two Million Three Hundred Fifty Thousand Dollars ($2,350,000).

## COUNT 2: Removal of Copyright Management Information – 17 U.S.C. § 1202(b) (against all Defendants)

58. Plaintiff incorporates the foregoing allegations herein as if restated in full.

59. Defendants intentionally removed copyright management information from Plaintiff's copyrighted Intellectual Property.

60. Defendants created and distributed the modified Intellectual Property, knowing that the copyright management information had been removed or altered, without authorization from Plaintiff.

61. Defendants' unauthorized removal of Plaintiff's copyright management information has harmed Plaintiff's business and caused deception and confusion in the marketplace.

62. Plaintiff seeks statutory damages pursuant to 17 U.S.C. § 1203(c)(3)(B) for each violation, currently estimated to be twenty-one (21), in the sum of Twenty-Five Thousand Dollars ($25,000.00) for each violation, in the currently estimated amount of Five Hundred Twenty-Five Thousand Dollars ($525,000.00).

## COUNT 3: Copyright Infringement – 17 U.S.C. § 501

## (against all Defendants)

63.  Plaintiff incorporates the foregoing allegations herein as if restated in full.

64.  Since 2010, and for approximately thirteen (13) years thereafter, Defendants had access to Plaintiff's copyrighted Intellectual Property.

65.  Defendants distributed the Intellectual Property to third party websites without authorization from My Baby Experts, such as to Rumble, Bright Parents and Review Online, including following termination of the Agreement. Defendants have still failed to remove My Baby Experts' Intellectual Property from all third-party websites.

66.  Defendants created and distributed Derivative Works by editing, copying and transcribing Plaintiff's copyrighted Intellectual Property.

67.  Those Derivative Works contained extensive content that was copied word-for-word or almost exact copying from Plaintiff's copyrighted Intellectual Property.

68.  Defendants distributed these Derivative Works, containing word-for-word transcriptions and/or substantially similar copies of Plaintiff's copyrighted Intellectual Property, without seeking or receiving permission to use Plaintiff's copyrighted Intellectual Property.

69.  Defendants' infringement of Plaintiff's copyrighted Intellectual Property has harmed Plaintiff's business.

70.  Upon information and belief, and as to be determined as discovery continues, Defendants violated Plaintiff's exclusive copyright through the unauthorized creation of new derivative works and the distribution of the Intellectual Property following registration of Plaintiff's copyrights, in six (6) estimated violations, entitling Plaintiff to seek statutory

DELGADO ENTERTAINMENT LAW, PLLC
3295 N. Drinkwater Blvd, #9
Scottsdale AZ 85251
(480) 248-0657

damages pursuant to 17 U.S.C. § 504(c) for all new infringements in the amount of One Hundred Fifty Thousand Dollars ($150,000.00) per infringement, in the total amount of ($900,000.00).

## COUNT 4: Copyright Infringement – 17 U.S.C. § 501

## (against all Defendants)

71.  Plaintiff incorporates the foregoing allegations herein as if reinstated in full.

72.  Since 2010, and for approximately thirteen (13) years thereafter, Defendants had access to Plaintiff's copyrighted Intellectual Property.

73.  Following termination of the Agreement, Defendants created the Infringing Course, which contains infringing knockoffs of Plaintiff's video content.

74.  Defendants marketed their Infringing Course in direct competition with Plaintiff.

75.  Defendants directly copied substantial portions of Plaintiff's various courses, in English and Spanish, as well as other videos and Intellectual Property owned by Plaintiff.

76.  Defendants' Infringing Course is substantially similar, or in many instances, word-for-word exact copies of Plaintiff's copyrighted Intellectual Property.

77.  Defendants' infringement of Plaintiffs' Intellectual Property, and marketing of their Infringing Course in competition with Plaintiff, has caused market confusion and harmed Plaintiff's business.

78.  Upon information and belief, and as to be determined as discovery continues, Defendants violated Plaintiff's exclusive copyright through the unauthorized creation of new derivative works and the distribution of the Intellectual Property following registration of Plaintiff's copyrights, entitling Plaintiff to seek statutory damages pursuant to 17 U.S.C.

DELGADO ENTERTAINMENT LAW, PLLC
3295 N. Drinkwater Blvd., #9
Scottsdale AZ 85251
(480) 248-0657

§ 504(c) for all new infringements in the amount of One Hundred Fifty Thousand Dollars ($150,000.00) per infringement, in the total amount of ($900,000.00).

## COUNT 5: Copyright Infringement – 17 U.S.C. § 501

## (against all Defendants)

79.  Plaintiff incorporates the foregoing allegations herein as if restated in full.

80.  Since 2010, and for approximately thirteen (13) years thereafter, Defendants had access to Plaintiff's copyrighted Intellectual Property.

81.  At all points relevant, including following termination of the Agreement, Defendants distributed Plaintiff's Intellectual Property publicly via Rumble and the Bright Course Website.

82.  Defendants distributed Plaintiff's Intellectual Property without seeking or receiving permission to continue distributing Plaintiff's copyrighted content following expiration of the Agreement.

83.  Defendants failed to remove the Intellectual Property from Rumble and other third-party websites following Termination, even after Plaintiff notified Defendants of the copyright infringement. The infringing content was only removed from Rumble after Plaintiff issued a DMCA takedown notice to Rumble related to the copyright violation.

84.  The Agreement specifically and expressly prohibited True To Life from distributing Plaintiff's copyrighted Intellectual Property in any publicly accessible manner (and in a way that would allow the public to freely download the Intellectual Property), and True To Life had no right of distribution in any way following termination of the Agreement.

DELGADO ENTERTAINMENT LAW, PLLC
3295 N. Drinkwater Blvd, #9
Scottsdale AZ 85251
(480) 248-0657

85. Upon information and belief, Defendants unjustly profited from their unauthorized distribution of Plaintiff's Intellectual Property.

86. Defendants' unauthorized distribution of Plaintiff's Intellectual Property has caused Plaintiff financial loss, and damage to its business and reputation.

87. Upon information and belief, and as to be determined as discovery continues, Defendants violated Plaintiff's exclusive copyright through the unauthorized distribution of the Intellectual Property following registration of Plaintiff's copyrights, entitling Plaintiff to seek statutory damages pursuant to 17 U.S.C. § 504(c) for all new infringements in the amount of One Hundred Fifty Thousand Dollars ($150,000.00) per infringement.

## COUNT 6: Breach of Contract

### (against Defendant True To Life)

88. Plaintiff incorporates the foregoing allegations herein as if restated in full.

89. The Agreement between Plaintiff and True To Life contains covenants that Defendants shall "restrict access to the Property to customers of the Service who are accessing the [Bright Course Website] on a trial or active subscription basis."

90. The Agreement further provides that the Intellectual Property "shall not be stored in such a way that allows public access or download."

91. Moreover, the Agreement committed True To Life to "exercise the same degree of care" with regard to Plaintiff's Intellectual Property as True To Life would exercise with their own proprietary information, and that True To Life must not allow Plaintiff's Intellectual Property to be subject to any "third-party software designed to reproduce video in downloadable format."

DELGADO ENTERTAINMENT LAW, PLLC
3295 N. Drinkwater Blvd, #9
Scottsdale AZ 85251
(480) 248-0657

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

DELGADO ENTERTAINMENT LAW, PLLC
3295 N. Drinkwater Blvd, #9
Scottsdale AZ 85251
(480) 248-0657

92.   True To Life breached the Agreement by uploading Plaintiff's Intellectual Property publicly and for free on Rumble, the Bright Course Website, and other third-party websites.

93.   True To Life breached the Agreement by distributing the Intellectual Property to third-party websites, such Bright Parents and Review Online without authorization from My Baby Experts.

94.   True To Life breached the Agreement by intentionally withholding payment to My Baby Exerts related to revenues received from third-party platforms, if applicable.

95.   True To Life breached the Agreement by combining video modules of the Intellectual Property without authorization, and in an effort to deprive My Baby Experts from receiving all revenue due to My Baby Experts for the actual views received by the Intellectual Property on the Bright Course Website.

96.   True To Life breached the Agreement by creating the Derivative Works without authorization, and by failing to pay My Baby Experts for the views received on the Preview Videos and Recap Videos, if applicable.

97.   True To Life breached the Agreement by failing to provide accurate payments to My Baby Experts during the term of the Agreement.

98.   True To Life breached the Agreement by failing to exercise due care with regard to protection of Plaintiff's Intellectual Property.

99.   True To Life's breaches of the Agreement has caused significant financial harm to Plaintiff.

1   100.   This matter arises out of contract, and Plaintiff is entitled to an award of all

2   reasonable attorneys' fees and costs incurred related to the Agreement and pursuant to

3   A.R.S. §§ 12-341 & 12-341.01.

4   <u>**COUNT 7: False Designations of Origin, False Descriptions 15 U.S.C. § 1125**</u>

5   <u>**(against all Defendants)**</u>

6   101.   Plaintiff incorporates the foregoing allegations herein as if restated in

7   full.

8   102.   Defendants copied and transcribed the content of Plaintiff's

9   Intellectual Property into the Lesson Materials without Plaintiff's permission.

10  103.   Defendants distributed Plaintiff's Intellectual Property by way of the

11  Lesson Materials, bearing solely Defendants' name, symbols, and/or trademarks.

12  104.   Defendants distributed the Lesson Materials without seeking or

13  receiving authorization from Plaintiff.

14  105.   Defendants' unauthorized distribution of the Lesson Materials

15  bearing Defendants' name, symbols, and/or trademarks constitutes a false designation of

16  origin, false or misleading description of fact, and/or false or misleading representation of

17  fact, in that Defendants represented that they were the sole creators of the Lesson Materials,

18  diluting the value of Plaintiff's Intellectual Property in the relevant marketplace and

19  causing harm to Plaintiff's business.

20  106.   The aforementioned unauthorized distribution of the Lesson

21  Materials, which contained typos and, in some instances, inaccurate information, also

22  caused confusion, mistake, and/or deception as to Defendants' affiliation with Plaintiff and

23  has caused substantial harm to Plaintiff's reputation, credibility, and business.

DELGADO ENTERTAINMENT LAW, PLLC
3295 N. Drinkwater Blvd, #9
Scottsdale AZ 85251
(480) 248-0657

## **COUNT 8: Unfair Competition**

## **(against all Defendants)**

107.     Plaintiff incorporates the foregoing allegations herein as if restated in full.

108.     At some point, prior to or after termination of the Agreement, Defendants created the Infringing Course, utilizing content substantially similar or otherwise copied word-for-word from Plaintiff's Intellectual Property.

109.     Defendants likely did this because Defendants' breastfeeding network and customer base had been built since 2010 using the My Baby Experts' Intellectual Property, the Intellectual Property was consistently well-received, and the applicable customer base likely expected a certain quality and presentation of information, as previously provided by My Baby Experts' Intellectual Property.

110.     Defendants had substantial access to the Intellectual Property since 2010, and included My Baby Experts copyrighted content in their Infringing Course.

111.     In Defendants' Infringing Course, Defendants even used the same stock images and/or videos used in the My Baby Experts' Intellectual Property.

112.     Defendants also created lesson materials for the Infringing Course, which contained substantially similar or word-for-word copies of Plaintiff's Lesson Materials, which information was derived from the Intellectual Property.

113.     Defendants' attempt to try and maintain its customer base, and the creation of the Infringing Course in that effort constitutes unlawful "palming off" of Plaintiff's Intellectual Property.

DELGADO ENTERTAINMENT LAW, PLLC
3295 N. Drinkwater Blvd, #9
Scottsdale AZ 85251
(480) 248-0657

DELGADO ENTERTAINMENT LAW, PLLC
3295 N. Drinkwater Blvd, #9
Scottsdale AZ 85251
(480) 248-0657

114.     Defendants did this intentionally, as, upon information and belief, Defendants created the Infringing Course during the time it was distributing and earning revenue from the Intellectual Property.

115.     Defendants' unfair competition by way of the practice of palming off (or "passing off") Defendants' products as that of Plaintiff has misled purchasers as to the source of Defendants' product and has caused substantial financial loss and harm to Plaintiff's business.

### COUNT 9: Breach of Covenant of Good Faith and Fair Dealing

### (against Defendant True To Life)

116.     Plaintiff incorporates the foregoing allegations herein as if restated in full.

117.     Plaintiff and Defendant True To Life had a binding and valid Agreement.

118.     True To Life had a duty implied by law to act fairly and in good faith.

119.     The duty to act fairly and in good faith requires that neither party do anything that prevents the other party from receiving the benefits of the Agreement.

120.     True To Life breached this duty by distributing Plaintiff's Intellectual Property freely to the public on third party platforms such as Rumble.

121.     True To Life breached this duty by distributing Plaintiff's Intellectual Property to unauthorized third-party websites, such as Bright Parents and Review Online, and by additionally failing to ever pay Plaintiff earnings received as a result of these unauthorized distributions, where applicable, or otherwise pay Plaintiff a licensing fee for use on these third-party websites.

DELGADO ENTERTAINMENT LAW, PLLC
3295 N. Drinkwater Blvd, #9
Scottsdale AZ 85251
(480) 248-0657

122.     True To Life breached its duty by editing, modifying, and altering the English and Spanish versions of the Simply Breastfeeding course and the Breast Pumps and Briefcases course from sixty-six (66) videos into just twenty (20) video modules, and by creating and distributing the Derivative Works without authorization.

123.     True To Life significantly altered the Intellectual Property in order to deprive My Baby Experts from receiving the full compensation due to it under the Agreement.

124.     True To Life further breached this duty by copying Plaintiff's Intellectual Property and utilizing the copied content to compete directly in the marketplace with Plaintiff.

125.     True To Life utilized Plaintiff's Intellectual Property, obtained before and during the term of the Agreement, to create its Infringing Course, which is substantially similar or word-for-word copying of Plaintiff's Intellectual Property. True To Life then used its Infringing Course to compete directly with Plaintiff.

126.     True To Life's multiple breaches of its duty to act in good faith and deal fairly has prevented Plaintiff from receiving the benefits of the Agreement and has caused substantial financial harm to Plaintiff, in an exact amount to be determined at trial.

### **COUNT 10: Unjust Enrichment**

**(against all Defendants)**

**(in the alternative)**

127.     Plaintiff incorporates the foregoing allegations herein as if restated in full.

128.     Defendants were enriched by use of Plaintiff's Intellectual Property, in that Defendants earned considerable revenue and market recognition as a result of exploiting the Intellectual Property on the Bright Course Website, as well as on other third-party websites.

129.     Plaintiff was impoverished is that Defendants' exploited the Intellectual Property, including in the creation of the Infringing Course, without fairly compensating Plaintiff for those uses, and in some instances, without compensating Plaintiff in any way.

130.     A connection exists between Defendants' enrichment and Plaintiff's impoverishment, without any justification as to Defendants' exploitation of the Intellectual Property.

131.     Plaintiff is without a remedy provided by law as it relates to all Defendants, and has suffered significant financial loss as a result of Defendants' actions, an exact amount to be determined at trial.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

a.     For equitable relief in the form of a permanent injunction against Defendants' use of any and all of My Baby Experts' Intellectual Property, including:

(i) removing all Intellectual Property from places where published or otherwise used,

(ii) ceasing all use of lesson materials and/or derivative works created from the Intellectual Property, and

(iii) ceasing all use of videos contained in the Infringing Course that

DELGADO ENTERTAINMENT LAW, PLLC
3295 N. Drinkwater Blvd, #9
Scottsdale AZ 85251
(480) 248-0657

are substantially similar to the Intellectual Property;

b.      For direct, incidental, and consequential damages caused by Defendants' numerous violations of federal copyright law and trademark law under 17 U.S.C. §§ 504, 1203, and 15 U.S.C. § 1125;

c.      For direct, incidental, and consequential damages caused by Defendants' breach of contract, unfair competition, and breach of the covenant of good faith and fair dealing, in an amount to be proven at trial;

d.      For attorneys' fees and costs pursuant to  17 U.S.C. § 505, as well as the Agreement pursuant to A.R.S. §§ 12-341, 12-341.01, and 12-1840;

e.      For interest on such fees and costs, at the maximum legal rate, until paid in full; and

f.      For such other and further relief as might be just and proper under the circumstances of this case.

DATED:  April 26, 2024.

                                        s/Krystle Delgado
                                        **DELGADO ENTERTAINMENT LAW, PLLC**
                                        *Attorney for Plaintiff*

**DELGADO ENTERTAINMENT LAW, PLLC**
3295 N. Drinkwater Blvd, #9
Scottsdale AZ 85251
(480) 248-0657

## CERTIFICATE OF SERVICE

I certify that on April 26, 2024, the foregoing **FIRST AMENDED COMPLAINT** was filed with the United States District Court, for the District of Arizona, using the CM/ECM system, which will send notification of such filing to counsel of record via electronic mail as follows:

Maria Crimi Speth
Aaron K. Haar
Jaburg & Wilk, P.C.
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
mcs@jaburgwilk.com
akh@jaburgwilk.com
*Attorneys for Defendants*

*/s/ Tremain Davis*
*Tremain Davis*

DELGADO ENTERTAINMENT LAW, PLLC
3295 N. Drinkwater Blvd, #9
Scottsdale AZ 85251
(480) 248-0657