# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| New Parent World, LLC, d/b/a My Baby Experts,<br><br>Plaintiff,<br><br>v.<br><br>True To Life Productions, Inc., et al.,<br><br>Defendants. | No. CV-23-8089-PCT-DGC<br><br>**ORDER** |

The Court held a discovery conference call with the parties on April 3, 2024. The Court required the parties to create a discovery matrix setting forth each discovery request in dispute and the parties' positions on the request. Doc. 35. The parties have filed the matrix (Doc. 43) and the Court has reviewed it carefully. The Court enters the following orders on the disputed discovery requests.

**Interrogatory No. 3**: "With regard to your responses to Interrogatory No. 1 and Interrogatory No. 2, identify each price Defendants' Works or related Derivative Work was or is expected to be licensed, sold, or otherwise exploited." Doc. 43-1 at 2. This question seeks a price or expected price for each work and derivative work. Defendant initially provided an inadequate response that included only the price for a DVD, but later provided a more detailed explanation of the subscription pricing they use and how they calculate royalties from their platforms for Plaintiff's works. *Id.* at 30-34. The interrogatory focuses on Defendants' works. Within 20 days of this order, Defendants

shall provide the same information, under oath, for Defendants' works and derivative works across all platforms Defendants operated.

Plaintiff notes that Defendants have admitted some content appeared on a platform due to a coding error, and asks the Court "to compel Defendants to produce detailed logs, metadata, and other relevant technical documentation." *Id.* at 6-7. This request goes well beyond the scope of Interrogatory No. 3 and should be addressed through other discovery, if relevant and proportional.

**Interrogatory No. 4:** "Identify all relevant dates related to the creation of the Defendants' Works and related Derivative Works." *Id.* at 7. In response, Defendants provided substantial information, sometimes as approximations, concerning when each product was conceived and when video files, fact sheets, discussions sheets, spiritual application sheets, and worksheets were created and edited, and when the creation process was completed and the product was first published. *Id.* at 7-22.

Plaintiff complains that Defendants have not identified when specific employees created products, when narrower components of Defendants' products were created, dates of principal photography, dates of script approval, and other information. *Id.* at 8-9. But Plaintiff's interrogatory did not ask for this information – it sought only "relevant dates" related to the creation of works. *Id.* at 7. An interrogatory "answer need only respond to the question asked and not to a different question that might have been asked." S. Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 33 at 1116 (2024). Defendants made a good faith effort to answer the question asked. The Court will not require more. Plaintiff can seek more information through other discovery, if relevant and proportional.

**Interrogatory No. 5:** "Identify each and every person who contributed in any way to the conception, development, or creation of Defendants' Works and related Derivative Works." Doc. 43-1 at 22-23. In response, Defendants identified 17 individuals, describing each person's role in Defendants' business and creative process. *Id.* at 22-30.

Plaintiff complains, with few specifics, that the answer includes inconsistent information. Citing information shared during the parties' settlement talks that occurred after the discovery conference, Plaintiff also argues that a woman identified as the creator of fact sheets may not have been the only creator. *Id.* at 23. With no additional information, Plaintiff accuses Defendants of excluding relevant individuals and failing to meet "the requirements of comprehensive discovery." *Id.* at 24. But the interrogatory requested only the identity of persons involved in the creation of Defendants' works and derivative works, and Defendants have made a good faith effort to respond (and have indicated they will supplement on one point). The Court will not require more.

**Interrogatory No. 11:** "Identify all amounts, by quarter, received by Defendants related to Defendants' use, sale, licensing, or other exploitation of Plaintiff's Works." *Id.* at 30. In response, Defendants provided detailed explanations of their subscription-based revenue stream and how portions of that stream are attributed to particular products, and have provided calculations for Plaintiff's products. *Id.* at 30-34. Plaintiff complains that Defendants' have not disclosed information for the BrightParents platform (which Defendants say failed shortly after launch), TruetoLifeProductions.com (which Defendants say is used only for DVD sales), and ReviewOnline.org, and financial information on such sales. If Defendants have not already stated under oath that BrightParents failed without generating revenue, that TruetoLife sells only DVDs, and why ReviewOnline.org generates no revenue relevant to this case, they shall do so within 20 days of this order. If they are unable to make such statements under oath, they shall produce financial information for these platforms within 20 days.

**Interrogatory No. 15:** "Identify the Source and amounts earned, by quarter, for all video content on the Bright Course Website during the term of the License Agreement." *Id.* at 35. Plaintiff complains that Defendants have disclosed revenue for Plaintiff's works and Defendants' works, but not for other content providers. *Id.* at 35-36. Defendants assert that they have produced "all royalty reports for other third-party providers . . . (HH 003436-003846)." *Id.* Because Plaintiff's license agreement royalties

were tied to 25% of all digital subscriptions, the Court concludes that evidence of all revenues is relevant. Defendants shall, within 20 days of this order, provide Plaintiff with a sworn interrogatory answer setting forth the sources and amounts earned, by quarter, for all video content on the Bright Course Website during the term of the License Agreement.

**Interrogatory No. 16:** "Identify the Views and amounts paid, by quarter, to each Content Creator for the video content on the Bright Course Website during the term of the License Agreement." *Id.* at 41. Defendants object that content unrelated to Plaintiff's Works is not relevant, but the Court does not agree given the nature of Plaintiff's Licensing Agreement. If Defendants have stated in sworn interrogatory answers that they do not pay themselves a royalty, but instead receive all revenue after royalties are paid to others, they do not need to disclose theoretical royalties paid to themselves. Defendants are required, however, to disclose amounts paid, by quarter, to other content creators. Defendants express concern about the sensitivity of this information, but a Protective Order is in place. *See* Doc. 21. Defendants shall disclose this information within 20 days of this order.

**RFP No. 3:** The parties largely devote their space in the matrix columns to complaining about the other side's behavior in discovery. This is not helpful. The Court cannot tell from the parties' submissions what responsive documents are available and have not been produced, if any. Within 20 days of this order, Defendants shall provide Plaintiff with a written explanation of the information contained in documents HH003827-003846, as well as the information called for under Interrogatory No. 3 above.

**RFP No. 6:** The parties disagree on whether Defendants have produced all responsive documents. If Defendants have not already done so, they shall state in a discovery response to Plaintiff, under oath, that they have produced "all documents and communications concerning creation of the accused works," as they state in the matrix. Doc. 43-1 at 49. If they provide this sworn response, no further production will be

1 required. If they cannot make this statement under oath, they shall produce all omitted
2 documents called for in this request within 20 days of this order.

**RFP No. 9:** The parties disagree on whether Defendants have produced all responsive documents. If Defendants have not already done so, they shall state in a discovery response to Plaintiff, under oath, that they have produced "all documents and communications concerning when Defendants commenced creation of the accused works," as they state in the matrix. *Id.* at 51. If they provide this sworn response, no further production will be required. If they cannot make this statement under oath, they shall produce all omitted documents called for in this request within 20 days of this order.

**RFP No. 13:** The parties disagree on whether Defendants have produced all responsive documents. If Defendants have not already done so, they shall state in a discovery response to Plaintiff, under oath, that they have produced "documents showing the total revenue generated by the platform," as they state in the matrix. *Id.* at 54. If they cannot make this statement under oath, they shall produce all omitted documents called for in this request within 20 days of this order. They shall also produce documents showing revenue for other platforms mentioned in the matrix discussion of this RFP within 20 days of this order.

**RFP No. 14:** The parties disagree on whether Defendants have produced all responsive documents. If Defendants have not already done so, they shall state in a discovery response to Plaintiff, under oath, that they have produced "documents identifying all online distribution channels on which Plaintiff's content was made available," as they state in the matrix. *Id.* at 56. If they provide this sworn response, no further production will be required other than the BrightParents documents mentioned in their response. *Id.* at 57. If they cannot make this statement under oath, they shall produce all omitted documents called for in this request within 20 days of this order.

**RFP No. 17:** The parties disagree on whether Defendants have produced all responsive documents. If Defendants have not already done so, they shall state in a discovery response to Plaintiff, under oath, that there is "no combined Breast Pumps &

Briefcases course." *Id.* at 60. If they provide this sworn response, no further production will be required. If they cannot make this statement under oath, they shall produce all omitted documents called for in this request within 20 days of this order.

**RFP No. 19:** The parties disagree on whether Defendants have produced all responsive documents. If Defendants have not already done so, they shall state in a discovery response to Plaintiff, under oath, that they have produced all documents and communications related to collaboration on recaps, fact sheets, discussion sheets, and spiritual application sheets, and that "[t]here are no further documents to produce," as they state in the matrix. *Id.* at 60-61. If they provide this sworn response, no further production will be required. If they cannot make this statement under oath, they shall produce all omitted documents called for in this request within 20 days of this order.

**RFP Nos. 22 and 23:** Defendants object to these requests on relevancy grounds, and also because they seek confidential customer information. In the matrix, Plaintiff does not explain why the identities of pregnancy-center customers (the only class of customer information Plaintiff says it is seeking) is relevant. Plaintiff asserts that it needs the information to find witnesses who can testify about the videos and written materials provided to them by Defendants (*id.* at 64), but does not explain the relevancy of such testimony in light of the fact that Defendants admit Plaintiff's content and the accused content were distributed to a wide audience (*id.* at 63). Plaintiff also states that it needs the customer identities to establish infringement and damages (*id.* at 64), but does not explain how customer evidence will establish infringement (which presumably will be shown by comparing Plaintiff's works to the accused works) or damages (which presumably will be shown by evidence of revenues earned by Defendants from the allegedly infringing works). Because Plaintiff has not shown the relevancy of the requested information, Defendants' objection is sustained.

**Interrogatory No. 22:** "Identify the total number of video Views related to each of Plaintiff's Works and any related Derivative Works on Any Website during or after the term of the License Agreement." *Id.* at 68. Defendants have not answered this

interrogatory; they have only produced documents related to views on the BrightCourse website. Within 20 days of this order, Defendants shall provide a written interrogatory response, under oath, that provides the requested information for websites other than BrightCourse and for Plaintiff's Derivative Works.

**RFP No. 24:** Defendants state in the matrix that they have no information responsive to this request, and yet they have never said that in an interrogatory response – they have only stated objections. Defendants shall, within 20 days, provide a sworn interrogatory answer that contains the information set forth in Defendants' column on Doc. 43-1 at 71. If Defendants are unable to make this statement under oath, they shall provide an answer that sets forth the information in their possession, custody, or control responsive to this question.

Dated this 2nd day of May, 2024.

David G. Campbell
Senior United States District Judge