

**Exhibit A**

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| | |
|---|---|
| New Parent World, LLC, et al </br>*Plaintiff* </br>v. </br>True To Life Productions, Inc., et al </br>*Defendant* | ) </br> ) </br> ) Civil Action No. 3:23-CV-08089-DGC </br> ) </br> ) </br> ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Rumble, Inc. c/o Corporation Service Company, 1201 Hays St., Tallahassee, FL 32301

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: The original items listed in "Exhibit A" attached hereto

| Place: Delgado Entertainment Law, PLLC </br>3295 North Drinkwater Blvd., Suite 9 </br>Scottsdale, Arizona 85251 | Date and Time: </br></br>06/14/2024 4:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____        _____
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Krystle Delgado
_____, who issues or requests this subpoena, are:

3295 North Drinkwater Blvd., Suite 9, Scottsdale, Arizona 85251, krystle@delgadoentertainmentlaw.com, 480-248-0657

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:23-CV-08089-DGC

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# **EXHIBIT "A"**

## 1. INSTRUCTIONS

A. This shall be deemed to be a request for the production by you of all documents enumerated below, whether prepared by or for you or by any other party or any other person, that are in your possession, custody, control, or in the possession, custody or control of your attorneys, accountants, consultants, receivers, employees, agents or anyone acting on your behalf.

B. When reference is made to any date or figure, in addition to the date or figure specified, the reference is intended to connote an approximation unless otherwise specified.

C. Whenever the singular form of a noun is used in these requests for production of documents, it is intended to and does apply as well to the plural form of the noun. Whenever, the plural form of a noun is used in these requests, for production of documents, it is intended to and does apply as well to the singular form of the noun unless otherwise specified.

D. In responding to the requests, you are to designate the paragraph of these requests to which each such document is responsive, unless the request is objected to, in which event the reasons for the objection shall be stated specifically. If objection is made to part of an item, category or request, that part shall be specified, and production shall be made for the remaining parts.

E. You are required to organize and label the documents you produce to correspond with the categories set forth in this request; if you are currently in business, you may produce documents as they are kept in the usual course of your business.

F. In the event that any document called for by this request has been destroyed, that document is to be identified as follows: addresser, addressee, indicated or blind copies, date, subject matter, number of pages, attachments or appendices, all persons to whom distributed, shown or explained, date of destruction, manner of destruction, reason for destruction, person authorizing destruction and person destroying that document.

G. If you allege that any document called for by this request is not in your possession or the possession of your attorney, that document is to be identified the same as any destroyed document and you are to state the name and address of the person who does have possession of said document.

H. If you respond to this request with a response that is complete when made, you are nevertheless under a duty to supplement the response to include documents or information thereafter acquired.

I. If you obtain information which shows (and failure to amend your response in light of such information is in substance a knowing concealment) your earlier response was incorrect when made, or your earlier response, although correct when made, is no longer true, you must supplement your response.

J. These requests for production of documents are continuing requests. If, after producing the documents requested herein, you obtain or find further documents

responsive to these requests, You are required to produce such additional documents.

K. If in response to the requests you decline, withhold, or refuse to produce any document based upon a claim of privilege, you are to provide the following information to identify the following information:

1. An identification of the document with reasonable specificity and particularity, including its nature (memo, letter, etc.), title and date;
2. The exact nature of the privilege asserted;
3. All of the facts upon which your claim of privilege is based or which supports said claim;
4. With respect to each person who was present at the time the document was prepared:
    (a) Their name and last known business and residential address and telephone numbers, and
    (b) Their employer and job title or capacity at the time that the document was prepared.
5. With respect to each individual and entity to whom the original or a copy of the document was sent:
    (a) Their name and last known business and residential addresses and telephone numbers;
    (b) Their employer and job title or capacity at the time that original or the copy of the document was sent to them;
    (c) The date(s) when the document or copy was sent; and
    (d) By whom the document or copy was sent.
6. With respect to each individual and entity who to the best of your knowledge, information and belief has seen the original or any copy of the document:
    (a) Their name and last known business and residential addresses and telephone numbers;
    (b) Their employer and job title or capacity at the time the document or copy was seen by them;
    (c) The date(s) when the document or copy was seen by them.
7. With respect to each individual and entity who to the best of your knowledge, information and belief had possession or custody of the original or any copy of the document:
    (a) Their name and last known business and residential addresses and telephone numbers;
    (b) The inclusive dates during which they had possession or custody of the document or copy; and
    (c) Their employer and job title or capacity at the time they had possession of the document or copy.
8. Identify with reasonable specificity and particularity each document which refers to, discusses, analyzes, or comments upon the document which you claim is privileged, or which contains any or all of its contents.

## 2. GENERAL DEFINITIONS

As used herein and unless the context requires otherwise, the terms used in the foregoing Instructions, in these General Definitions, and in the following Request for documents shall have the following meanings:

"**Accounts**" means any Rumble, Inc. user account under the username "BrightCourse" and its related sub-accounts identified in the screenshot **attached hereto as Exhibit 1**.

"**And**" **and** "**or**" and any other conjunctions or disjunctions used herein shall be read both conjunctively and disjunctively so as to indicate the topic for discussion may include any issue all or any issue mentioned by the listed topic for discussion in which any conjunction or disjunction appears.

"**Any**", "**each**" and "**all**" shall be read to be all inclusive.

"**Communication**" or "**Communications**" means the transmittal of information (in the form of facts, inquiries, or otherwise) by any means, including any meeting, conversation, discussion, conference, correspondence, message, or other written or oral transmission, exchange, or transfer of information in any form between two or more persons, including by telephone, facsimile, telegraph, telex, e-mail, or other medium.

"**Document**" or "**Documents**" are used herein in their customary broad sense, and mean any kind of printed, recorded, written, graphic, or photographic matter (including tape recordings), however printed, produced, reproduced, coded or stored, of any kind of description, whether sent or received, or not, including originals, copies, reproductions, facsimiles, drafts, and both sides thereof, and including without limitation, papers, books, accounts, ledgers, journals, books or memoranda, telegrams, cables, wire transfers, notes, notations, e-mails, work papers, inter and intra-office communications to, between or among directors, officers, agents or employees, transcripts, minutes, reports, and recordings of telephone or other conversations or of interviews or of conferences, or of committee meetings, or of other meetings, agreements, contracts, invoices, statistical records, data sheets, computer tapes or disks, magnetic tapes, punch cards, computer printouts, computer programs, computer program coding sheets, microfilms, microfiche, all other records kept by electronic, photographic or mechanical means, and things similar to any of the foregoing, regardless of their author or origin, of any kind. THE TERM "DOCUMENT" INCLUDES ALL COPIES OF A DOCUMENT WHICH CONTAIN ANY ADDITIONAL WRITING, UNDERLINING, NOTES, DELETIONS, OR ANY OTHER MARKINGS OR NOTATIONS, OR ARE OTHERWISE NOT IDENTICAL COPIES OF THE ORIGINAL.

"**Production Date**" means the first date upon which you produce documents in accordance with these Requests.

"**Related To**" or "**Relating To**" a given subject is to be construed broadly and includes any item that identifies, describes, deals with, comments upon, or is pertinent to that subject in any way.

"**Rumble**," refers to the online video platform, web hosting, and cloud service.

"**You**" or "**Your**" means Rumble, Inc. and its agents, affiliates, subsidiaries, parent companies, representatives, employees, managers, members, shareholders and attorneys.

"**Views**" means the total number of people who have watched a specified video on Rumble.

## 3. REQUESTED DOCUMENTS

Please produce copies of the following:

1. A ledger or report showing the total number of Views received on every video listed publicly on the Accounts.

2. A ledger or report showing the total number of Views to every video posted privately or unlisted on the Accounts.

3. Each ledger or report should include, but is not limited to, the following information for each video:

- Title of the video;
- Date of initial posting;
- Monthly breakdown of views from date of initial publication through present;
- Status of the video (public, private, or unlisted);
- Any changes in status (public to private, or vice versa) during the period under review;
- Any video removed and the dates of removal by account owner; and,
- Any video removed and the dates of removal by Rumble.



**Exhibit 1**



# UNITED STATES DISTRICT COURT
for the

District of Arizona

| | |
|---|---|
| New Parent World, LLC, et al | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:23-CV-08089-DGC |
| True To Life Productions, Inc., et al | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Vimeo.com, Inc. c/o The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street Wilmington, DE 19801

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: The original items listed in "Exhibit A" attached hereto

| Place: Delgado Entertainment Law, PLLC<br>3295 North Drinkwater Blvd., Suite 9<br>Scottsdale, Arizona 85251 | Date and Time:<br><br>06/14/2024 4:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____  _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Krystle Delgado
_____, who issues or requests this subpoena, are:

3295 North Drinkwater Blvd., Suite 9, Scottsdale, Arizona 85251, krystle@delgadoentertainmentlaw.com, 480-248-0657

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:23-CV-08089-DGC

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# **EXHIBIT "A"**

## 1.  INSTRUCTIONS

A. This shall be deemed to be a request for the production by you of all documents enumerated below, whether prepared by or for you or by any other party or any other person, that are in your possession, custody, control, or in the possession, custody or control of your attorneys, accountants, consultants, receivers, employees, agents or anyone acting on your behalf.

B. When reference is made to any date or figure, in addition to the date or figure specified, the reference is intended to connote an approximation unless otherwise specified.

C. Whenever the singular form of a noun is used in these requests for production of documents, it is intended to and does apply as well to the plural form of the noun. Whenever, the plural form of a noun is used in these requests, for production of documents, it is intended to and does apply as well to the singular form of the noun unless otherwise specified.

D. In responding to the requests, you are to designate the paragraph of these requests to which each such document is responsive, unless the request is objected to, in which event the reasons for the objection shall be stated specifically. If objection is made to part of an item, category or request, that part shall be specified, and production shall be made for the remaining parts.

E. You are required to organize and label the documents you produce to correspond with the categories set forth in this request; if you are currently in business, you may produce documents as they are kept in the usual course of your business.

F. In the event that any document called for by this request has been destroyed, that document is to be identified as follows: addresser, addressee, indicated or blind copies, date, subject matter, number of pages, attachments or appendices, all persons to whom distributed, shown or explained, date of destruction, manner of destruction, reason for destruction, person authorizing destruction and person destroying that document.

G. If you allege that any document called for by this request is not in your possession or the possession of your attorney, that document is to be identified the same as any destroyed document and you are to state the name and address of the person who does have possession of said document.

H. If you respond to this request with a response that is complete when made, you are nevertheless under a duty to supplement the response to include documents or information thereafter acquired.

I. If you obtain information which shows (and failure to amend your response in light of such information is in substance a knowing concealment) your earlier response was incorrect when made, or your earlier response, although correct when made, is no longer true, you must supplement your response.

J. These requests for production of documents are continuing requests. If, after producing the documents requested herein, you obtain or find further documents

responsive to these requests, You are required to produce such additional documents.

K. If in response to the requests you decline, withhold, or refuse to produce any document based upon a claim of privilege, you are to provide the following information to identify the following information:

1. An identification of the document with reasonable specificity and particularity, including its nature (memo, letter, etc.), title and date;
2. The exact nature of the privilege asserted;
3. All of the facts upon which your claim of privilege is based or which supports said claim;
4. With respect to each person who was present at the time the document was prepared:
    (a) Their name and last known business and residential address and telephone numbers, and
    (b) Their employer and job title or capacity at the time that the document was prepared.
5. With respect to each individual and entity to whom the original or a copy of the document was sent:
    (a) Their name and last known business and residential addresses and telephone numbers;
    (b) Their employer and job title or capacity at the time that original or the copy of the document was sent to them;
    (c) The date(s) when the document or copy was sent; and
    (d) By whom the document or copy was sent.
6. With respect to each individual and entity who to the best of your knowledge, information and belief has seen the original or any copy of the document:
    (a) Their name and last known business and residential addresses and telephone numbers;
    (b) Their employer and job title or capacity at the time the document or copy was seen by them;
    (c) The date(s) when the document or copy was seen by them.
7. With respect to each individual and entity who to the best of your knowledge, information and belief had possession or custody of the original or any copy of the document:
    (a) Their name and last known business and residential addresses and telephone numbers;
    (b) The inclusive dates during which they had possession or custody of the document or copy; and
    (c) Their employer and job title or capacity at the time they had possession of the document or copy.
8. Identify with reasonable specificity and particularity each document which refers to, discusses, analyzes, or comments upon the document which you claim is privileged, or which contains any or all of its contents.

## 2. GENERAL DEFINITIONS

As used herein and unless the context requires otherwise, the terms used in the foregoing Instructions, in these General Definitions, and in the following Request for documents shall have the following meanings:

"**Accounts**" means any Vimeo.com, Inc. user account under the username "True to Life Productions (user: 13458730)".

"**And**" and "**or**" and any other conjunctions or disjunctions used herein shall be read both conjunctively and disjunctively so as to indicate the topic for discussion may include any issue all or any issue mentioned by the listed topic for discussion in which any conjunction or disjunction appears.

"**Any**", "**each**" and "**all**" shall be read to be all inclusive.

"**Communication**" or "**Communications**" means the transmittal of information (in the form of facts, inquiries, or otherwise) by any means, including any meeting, conversation, discussion, conference, correspondence, message, or other written or oral transmission, exchange, or transfer of information in any form between two or more persons, including by telephone, facsimile, telegraph, telex, e-mail, or other medium.

"**Document**" or "**Documents**" are used herein in their customary broad sense, and mean any kind of printed, recorded, written, graphic, or photographic matter (including tape recordings), however printed, produced, reproduced, coded or stored, of any kind of description, whether sent or received, or not, including originals, copies, reproductions, facsimiles, drafts, and both sides thereof, and including without limitation, papers, books, accounts, ledgers, journals, books or memoranda, telegrams, cables, wire transfers, notes, notations, e-mails, work papers, inter and intra-office communications to, between or among directors, officers, agents or employees, transcripts, minutes, reports, and recordings of telephone or other conversations or of interviews or of conferences, or of committee meetings, or of other meetings, agreements, contracts, invoices, statistical records, data sheets, computer tapes or disks, magnetic tapes, punch cards, computer printouts, computer programs, computer program coding sheets, microfilms, microfiche, all other records kept by electronic, photographic or mechanical means, and things similar to any of the foregoing, regardless of their author or origin, of any kind. THE TERM "DOCUMENT" INCLUDES ALL COPIES OF A DOCUMENT WHICH CONTAIN ANY ADDITIONAL WRITING, UNDERLINING, NOTES, DELETIONS, OR ANY OTHER MARKINGS OR NOTATIONS, OR ARE OTHERWISE NOT IDENTICAL COPIES OF THE ORIGINAL.

"**Production Date**" means the first date upon which you produce documents in accordance with these Requests.

"**Related To**" or "**Relating To**" a given subject is to be construed broadly and includes any item that identifies, describes, deals with, comments upon, or is pertinent to that subject in any way.

"**Vimeo**," refers to the online video platform, web hosting, and cloud service.

"**You**" or "**Your**" means Vimeo.com, Inc. and its agents, affiliates, subsidiaries, parent companies, representatives, employees, managers, members, shareholders and attorneys.

"**Views**" means the total number of people who have watched a specified video on Vimeo.

## 3. REQUESTED DOCUMENTS

Please produce copies of the following:

1. A ledger or report showing the total number of Views received on every video listed publicly on the Accounts.

2. A ledger or report showing the total number of Views to every video posted privately or unlisted on the Accounts.

3. Each ledger or report should include, but is not limited to, the following information for each video:

- Title of the video;
- Date of initial posting;
- Monthly breakdown of views from date of initial publication through present;
- Status of the video (public, private, or unlisted);
- Any changes in status (public to private, or vice versa) during the period under review;
- Any video removed and the dates of removal by account owner; and,
- Any video removed and the dates of removal by Vimeo.