

Krystle Delgado, AZ Bar No. 031219
**Delgado Entertainment Law, PLLC**
3295 North Drinkwater Blvd., Suite 9
Scottsdale, Arizona 85251
Telephone: (480) 248-0657
Facsimile: (480) 718-8759
krystle@delgadoentertainmentlaw.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| New Parent World, LLC, a New Jersey for-profit corporation (d/b/a My Baby Experts), <br><br> Plaintiff, <br> vs. <br><br> True To Life Productions, Inc., an Arizona for-profit corporation; Heritage House '76, Incorporated, an Arizona for-profit corporation; Brandon Monahan, in his individual capacity, <br><br> Defendants. | Case No. 3:23-CV-08089-DGC <br><br> **REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR TELEPHONIC STATUS CONFERENCE** |

COMES NOW, Plaintiff, New Parent World, LLC ("Plaintiff"), by and through undersigned counsel, hereby files this Reply (the "Reply") in support of its Motion for Telephonic Status Conference (the "Request"). Plaintiff's Request was short and straightforward, and made only as a result the upcoming discovery deadline and Defendants' refusal to set a date to call the Court. Instead of simply participating in that call, Defendants instead responded to the Request, putting new alleged discovery issues into the record in violation of the Court's Order (Doc. 50 at p.3). Plaintiff is now forced to reply to Defendants' inaccurate representations, as follows.

As an initial matter, no discovery dispute actually exists related to any of Plaintiff's discovery responses. Plaintiff and Defendants met and conferred on July 22, 2024 via a telephonic conference regarding four (4) of Plaintiff's discovery responses. Plaintiff agreed to supplement those responses by Friday, August 2, 2024. Plaintiff is still in the process of supplementing the requested four (4) discovery requests, **and the deadline is still days away**. No dispute exists, nor has Plaintiff refused to provide any requested information to date. To the extent there may be a forthcoming dispute (which Plaintiff does not anticipate), it certainly is not ripe for discussion now.

Next, despite Defendants' representations that Plaintiff has not been cooperative, Plaintiff has put forth significant effort to avoid unnecessary discovery disputes. For example, Plaintiff answered nine (9) interrogatories served by Defendants that exceed the allowable limit set by the Federal Rules of Civil Procedure, Rule 30(d)(1), as well as the limit set by this Court (*see* Doc. 26 at 1). Plaintiff addressed the significant overage with Defendants and asked for a courtesy additional five (5) interrogatories for Plaintiff as a way to resolve the issue and ensure fairness. Defendants refused to provide any additional discovery requests to Plaintiff. Despite Defendants' refusal, Plaintiff nonetheless provided responses to the additional nine (9) interrogatories to avoid an unnecessary discovery dispute.

Regarding the current filings, Plaintiff requested the telephonic status conference only after substantial effort to address Defendants' non-compliance with the Court's Order related to the parties' discovery matrix (*see generally* Doc. 46) and because of Defendants refusal to set a date to call the Court. Plaintiff's efforts include participating in meet and

confers on June 6, 2024 and June 11, 2024 - collectively over three (3) hours of phone calls - and numerous emails. The volume of alleged non-compliance by Defendants required a nine (9) page letter to document the issues, which letter Plaintiff sent to Defendants on July 17, 2024, **requesting a time to call the Court** (*see* Doc. 56 at 9). The items listed in the letter are all the same issues already addressed with Defendants on June 6, 2024 and June 11, 2024.

In response, Defendants' counsel stated that he would confer with his client. Having received no update, Plaintiff again asked for an update on when the parties could call the Court in an email to Defendants dated July 25, 2024. Defendants' counsel responded that he "did connect with our client" but again needed more time. Exhibit A. With the quickly approaching discovery deadline, and having already asked Defendants to call the Court multiple times **over nine (9) days**, only after receiving yet another refusal to set a time did Plaintiff file its Request (Doc. 54).

As of drafting this Reply, the Court has now scheduled a telephonic status conference on August 6, 2024 (Doc. 57). While Defendants may not be persuaded by Plaintiff's efforts, they have consistently demonstrated throughout this lawsuit that once a call is scheduled with the Court, significant efforts are made to produce missing discovery. Although Plaintiff's attempts alone may not be persuasive, the involvement of the Court appears to be effective. Notably, following Plaintiff's recent Request for a telephonic conference with the Court, Defendants produced over four hundred (400) new documents on July 29, 2024.

What prompted the Request was the quickly approaching discovery deadline.

3

However, the parties may be required to yet again push back the discovery deadline because of Defendants' delays and non-compliance with the Court's Order.

RESPECTFULLY SUBMITTED this 30th day of July, 2024.

By: *s/Krystle M. Delgado*
KRYSTLE M. DELGADO
Delgado Entertainment Law, PLLC
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2024, **Plaintiff's Request for Telephonic Status Conference** was filed with the United States District Court, for the District of Arizona, using the CM/ECM system, which will send notification of such filing to counsel of record via electronic mail as follows:

Maria Crimi Speth
Aaron K. Haar
Jaburg & Wilk, P.C.
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
mcs@jaburgwilk.com
akh@jaburgwilk.com
*Attorneys for Defendants*

*s/Tremain Daivs*
Tremain Davis