

Krystle Delgado, AZ Bar No. 031219
**Delgado Entertainment Law, PLLC**
3295 North Drinkwater Blvd., Suite 9
Scottsdale, Arizona 85251
Telephone: (480) 248-0657
Facsimile: (480) 718-8759
krystle@delgadoentertainmentlaw.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| New Parent World, LLC, a New Jersey for-profit corporation (d/b/a My Baby Experts), <br><br> Plaintiff, <br><br> vs. <br><br> True To Life Productions, Inc., an Arizona for-profit corporation; Heritage House '76, Incorporated, an Arizona for-profit corporation; Brandon Monahan, in his individual capacity, <br><br> Defendants. | Case No. 3:23-CV-08089-DGC <br><br> **PLAINTIFF'S MOTION FOR PROTECTIVE ORDER** |

COMES NOW, Plaintiff, New Parent World, LLC ("Plaintiff"), by and through undersigned counsel, hereby files this Motion for Protective Order (the "Motion") pursuant to the Federal Rule of Civil Procedure, Rule 26(c). Plaintiff, on behalf of its principal, Mrs. Shari Criso ("Shari"), seeks an order to protect Shari from undue burden and expense, and from the embarrassment and oppression of revealing further sensitive medical information, by forbidding further inquiry into her medical history and ordering that her deposition (on behalf of Plaintiff and herself individually) take place via a virtual platform, such as Zoom.

Defendants demand in-person depositions in Arizona, which is unreasonable given Shari's current medical status.

## I.  FACTUAL BACKGROUND

In anticipation of upcoming depositions, and Plaintiff's recently altered medical status, Plaintiff provided multiple letters to Defendants from **separate** licensed specialists, stating that air travel poses a substantial risk to her health, beyond the fact that it causes swelling to extremities and is extremely painful. *See* Exhibit A. This was following an initial call on July 22, 2024, where Plaintiff's counsel indicated to Defendants' counsel that virtual depositions for Shari would likely be needed now, and that Plaintiff would be providing a second letter from a specialist to confirm Shari's recently changed medical status. In response, Defendants' counsel repeatedly accused Shari of lying about her medical condition and accused her of getting "friends" to write these letters for her. *See* Exhibit B. Because of Shari's recently discovered condition, which makes her highly susceptible to injury (and is one of the reasons Shari has been warned against air travel by her doctors) Shari broke her foot only a week ago while walking, on July 26, 2024.

After receiving an initial evaluation at an urgent care facility, x-rays confirmed that Shari indeed suffered a fracture. This very sensitive information about Shari's injury, which is understandably embarrassing to Shari, was communicated to Defendants' counsel on the same day. *See* Exhibit C. Plaintiff's counsel emphasized that Shari's condition was unknown when Plaintiff initiated this lawsuit in May of 2023, but that Plaintiff remained open to discussing the best way to conduct the upcoming depositions.

*Id*. Defendants' ignored this email, and in response, noticed **in-person depositions** for Shari on August 15, 2024 and August 16, 2024. *See* Exhibit D at p.4. On August 30, 2024, Defendants' counsel sent a follow up email stating that Plaintiff had "provided no evidence to suggest [Shari] is incapable of traveling to Arizona," and went on to continue accusing Shari of not having any real health concern if she could travel by RV on vacation earlier this year. *Id*. at p.3. Shari indeed can travel by RV, which is significantly safer than flying by air.[1]

Plaintiff's counsel responded to Defendants' counsel on July 31, 2024, saying she found it sickening that Defendants' counsel continued to make such light of Shari's medical status, including after learning Shari had broken her foot only days before. Exhibit D *Id*. at p.2. Plaintiff's counsel reiterated that Shari had provided two (2) separate letters from licensed specialists, who both said in no uncertain terms that Shari cannot travel by air, and that doing so would not only be extremely painful for her, but would pose a substantial risk to her health. *Id*. Plaintiff's counsel again confirmed that neither doctor was a friend of Shari's, but that even if they were, it is outrageous to suggest that medical professionals would volunteer to write letters containing inaccurate or misleading information. *Id.* In response to an accusation by Defendants' counsel that Shari had traveled a notable distance to one of her doctors, Plaintiff's counsel confirmed Shari indeed had **been driven** to the specialist's office, which was approximately a one hour

---

[1] Plaintiff has already informed Defendants that Shari intends to travel to Arizona by RV for trial (assuming the parties do not settle), which will take several weeks to travel from New Jersey to Arizona.

3

twenty-minute drive. *Id*. This was the specialist who in fact diagnosed her.

In light of all this, and Defendants' reluctance to agree to a virtual deposition, Defendants are now instead demanding that Plaintiff pay all their travel costs and related billable time for Defendants' counsel to travel to New Jersey and depose Shari in person. *Id*., p.3. This would additionally require Plaintiff to cover travel costs for Plaintiff's counsel, who is based in Arizona. This offer is unreasonable on its face, as Plaintiff is a small business with minimal current income. Defendants costs should not be burdened on Plaintiff because of Shari's medical status. In response, Plaintiff's counsel stated that Shari was in the process of obtaining a letter from her podiatrist, but that either way, she was advised not to put any weight on her foot for six (6) weeks. Shari received the letter from her podiatrist on or about August 1, 2024 (*See* Exhibit E), which additionally states that beyond the anticipated six (6) week period to stay off her foot, Shari's injury may require surgery, which would further extend her recovery time.

## II. LAW AND ARGUMENT

Rule 26(c) of the Federal Rules of Civil Procedure grants district courts broad discretion to enter or deny protective orders. *Seattle Times Co. v. Reinhart*, 467 U.S. 20, 36 (1984). The party seeking a protective order must show "good cause" and include a certification that the movant has conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. Fed. R. Civ. P. 26(c)(1). Rule 26(c) indirectly defines good cause by providing that a protective order may be entered "to protect a party or person from annoyance, embarrassment, oppression, undue

burden or expense[.]" *Id.*

Courts are inclined to grant motions to allow out-of-state depositions to question a party through video teleconference if traveling would have an impact on the individual's health and safety. *Cramton v. Grabbagreen Franchising LLC*, No. CV-17-04663-PHX-DWL, 3 (D. Ariz. Nov. 13, 2020). In an effort to keep cases moving forward, Courts have found that designating a deposition to be conducted by remote teleconference as effective and appropriate means to keep cases moving forward. *Swenson v. GEICO Cas. Co.*, 336 F.R.D. 206 (D. Nev. 2020). Courts find that a reasonable attorney could believe that designating a deposition to occur via remote video deposition would permit the parties to proceed as scheduled because the deponent's location would be irrelevant. *Fed. Ins. Co. v. Tungsten Heavy Powder & Parts, Inc.*, 21cv1197-W-MDD (S.D. Cal. Oct. 11, 2022).

The court's decision in *Grabbagreen Franchising LLC* is significant because it illustrates the court's willingness to adapt to special circumstances by leveraging technology to ensure the continuation of legal proceedings without compromising the health and safety of individuals involved. Plaintiff met and conferred with Defendants through personal consultation on these issues during an initial phone call on July 22, 2024, and then again through numerous emails thereafter, without resolution. Plaintiff has demonstrated good cause and compelling circumstances for the issuance of a protective order based on her documented medical status, which makes air travel a substantial risk to her health and causes extreme pain and swelling. Defendants' continued insistence on an in-person deposition, despite supporting medical documentation, is not only unreasonable

but also oppressive and burdensome. The accusations by Defendants' counsel that Plaintiff is fabricating her medical status and that her doctors are her friends who are willing to write fraudulent letters are baseless and offensive. These specialists are licensed professionals who have provided medical opinions based on their expertise and personal examinations of Plaintiff. Suggesting that they would provide false information is both outrageous and unfounded.

The proposed accommodation by Defendants, requiring Plaintiff to pay all travel costs and billable time for Defendants' counsel to travel to New Jersey from Arizona is unreasonable. Beyond the extraordinary, unnecessary costs, this would also necessitate Plaintiff's counsel, based in Arizona, to also travel to New Jersey. Such costs should not be burdened on Plaintiff due to her medical status. Large litigation firms, such as the one representing Defendants, are fully capable of conducting depositions via teleconference and utilizing screen-sharing functionalities to review documents.

To maintain the procedural integrity of remote depositions, the *Grabbagreen Franchising LLC* court emphasized the importance of implementing "appropriate safeguards." *Cramton v. Grabbagreen Franchising LLC* at 5 (D. Ariz. Nov. 13, 2020). These include the presence of a court reporter to ensure an accurate record of the testimony and establishing a reliable means of transmission. Additionally, the court highlighted the importance of establishing a reliable means of transmission and figuring out a fair and workable process for handling documents or other exhibits. *Id*. There are only online platforms exclusively dedicated to conducting virtual depositions such as

https://www.esquiresolutions.com/. These platforms are specifically designed to accommodate the unique needs of legal proceedings with features that support the sharing of exhibits, real-time transcription, and secure connections to protect the confidentiality of the testimony. Defendants could also reasonably prepare and send all needed exhibits and files to Plaintiff in advance of the deposition to prevent technological delays and ensure a smooth proceeding. These safeguards provide a comprehensive solution for conducting remote depositions in a way that ensures procedural fairness to Defendants, and allows for a remote deposition under good cause and compelling circumstances, which exist here.

## III. CONCLUSION

Even after noticing Defendants' counsel of Shari's broken foot and inability to put any weight on it for up to six (6) weeks (and potentially longer, if her foot requires surgery), Defendants noticed an in-person deposition, and continued to demanding that Shari appear in-person for her deposition. Defendants offer no reasonable alternatives. Given Defendants insensitivity on this matter to date, Plaintiff requests an order to protect Shari from the undue burden and expense of Defendants' proposed accommodation, and from the embarrassment and oppression of revealing further sensitive medical information to Defendants. Plaintiff respectfully requests that the Court order Shari's deposition (on behalf of herself and Plaintiff) be taken via an appropriate virtual platform.

RESPECTFULLY SUBMITTED this 2nd day of August, 2024.

By: s/Krystle M. Delgado
KRYSTLE M. DELGADO
Delgado Entertainment Law, PLLC

7

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2024, **Plaintiff's Motion for Protective Order** was filed with the United States District Court, for the District of Arizona, using the CM/ECM system, which will send notification of such filing to counsel of record via electronic mail as follows:

Maria Crimi Speth
Aaron K. Haar
Jaburg & Wilk, P.C.
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
mcs@jaburgwilk.com
akh@jaburgwilk.com
*Attorneys for Defendants*

                                          *s/Tremain Daivs*
                                          Tremain Davis