

Exhibit D

# Re: Heritage House - Notice of Depositions

**Krystle Delgado, Esq** <krystle@delgadoentertainmentlaw.com>
Wed 7/31/2024 1:35 PM

To: Aaron K. Haar <akh@jaburgwilk.com>
Cc: Maria Crimi Speth <mcs@jaburgwilk.com>; Delgado Entertainment Law <LawTeam@delgadoentertainmentlaw.com>

Aaron,

I find it sickening that you continue to make light of our client's medical condition, including that I shared sensitive information with you that she had broken her foot on Friday because of it. We have now provided two separate letters from specialists stating that air travel poses a substantial risk to her health, beyond the fact that it causes swelling to her extremities and is extremely painful.

Neither of these licensed professionals are her friends, and even if they were, it is outrageous to suggest that they would volunteer to write letters containing inaccurate or misleading information. Our client indeed had to be driven approximately an hour and twenty minutes to a specialist, who diagnosed her.

As already noted, our client's status was unknown until her recent diagnosis. She has not traveled by air in years, as this has been a progressively worsening condition that she was unaware of. Given your office's disrespectful responses to date, we have no desire to divulge further sensitive medical information. These specialists in no uncertain terms state that our client cannot fly by air, which is the bottom line.

Our client intends on traveling by RV for trial, which will take her several weeks to travel from New Jersey to Arizona. Your suggested "accommodation" of Defendants traveling to New Jersey on our client's dime is unreasonable on its face. Your costs should not be burdened on our client because of her status. Obviously, you have no reasonable offers.

Our client cannot put weight on her foot for up to 6 weeks. We are waiting to hear from our client's podiatrist regarding whether she will need surgery. We are in the process of obtaining a letter from him now. An in-person deposition in two weeks is an impossibility for this reason alone.

We should all be accustomed to using Zoom at this point, particularly following the covid-era. While I understand it may not be ideal, there are special circumstances in this case, making Zoom appropriate.

As already requested, please indicate your client's availability to be deposed.

Sincerely,

Krystle Delgado, Esq.



**DELGADO ENTERTAINMENT LAW, PLLC**

**KRYSTLE DELGADO, ESQ**
ATTORNEY & COUNSELOR
BUSINESS LAW, CONTRACTS, COPYRIGHT,
TRADEMARK, BUSINESS LITIGATION

P: (480) 248-0657
F: (480) 718-8759

Website | TEDx | Linkedin | Facebook | Instagram | YouTube | TikTok

Confidentiality Notice: This e-mail message, and any attachments, is for the sole use of intended recipient(s), and may contain confidential and privileged information. Any unauthorized use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender and destroy all copies of the original message.

**From:** Aaron K. Haar <akh@jaburgwilk.com>
**Sent:** Tuesday, July 30, 2024 7:11 PM
**To:** Krystle Delgado, Esq <krystle@delgadoentertainmentlaw.com>
**Cc:** Maria Crimi Speth <mcs@jaburgwilk.com>; Delgado Entertainment Law <LawTeam@delgadoentertainmentlaw.com>
**Subject:** RE: Heritage House - Notice of Depositions

Krystle:

We need to keep the depositions on schedule until we know if the Court will grant the extension. I have concerns about that since you seemed to denigrate the idea of an extension in your recent filing.

With respect to your request for a remote deposition, I have explained that the nature of the evidence requires that the depositions be taken in-person. In just the treatise your client used as her source of information for her videos, we have nearly one hundred pages of content to confront her with and compare to her 13 works and to our clients' accused 150+ works. With the substantial amount of evidence that requires direct comparison and shuffling back-and-forth, the deposition could not reasonably be taken remotely. It would be three times as long and as expensive as an in-person deposition. That is a major (and unreasonable) imposition.

Courts presume that depositions must be taken in-person in the forum where the case is brought. You have provided no evidence to suggest your client is incapable of traveling to Arizona, where she filed this lawsuit. The letter you provided suggests some nondescript "health concern" from a doctor in another state that is a two hour drive away from where your client lives (suggesting it is a friend of your client, who is in the medical field, rather than a treating physician). I've repeatedly asked for more information to substantiate the claim and you have declined. We have evidence that your client recently (while this case has been pending) traveled to Florida for vacation. You said she took an RV, but that still suggests she can sit for more than a few hours at a time. A passenger on a plane can get up and move about the cabin as necessary for most of the 5-hour flight from NJ to AZ.

And, of course, your client will need to travel here for trial. It's still not clear to me why she could do that but not travel here for her deposition.

That said, if you can provide additional information and documentation of this purported condition (and it actually supports the claim she cannot travel), we would be willing to travel to New Jersey to take the in-person deposition if your client will pay the costs of our travel, lodging, the venue/AV-equipment, and for 10-hours of attorney travel time (the actual travel time would be more since the flights are "in the air" for five hours each way, but we would be willing to cap it at 10 hours). Although it is disruptive for Defendants and for us to have to travel for your client's deposition, this would at least defray some of the costs in a way that would reasonably allow the deposition go forward in a manner that is necessary under the circumstances and allow your client to forego the additional trip to Arizona.

Let us know if that is an acceptable accommodation.



**Aaron K. Haar**
**Partner** | Jaburg Wilk
602.248.1025 | akh@jaburgwilk.com

---

**From:** Krystle Delgado, Esq <krystle@delgadoentertainmentlaw.com>
**Sent:** Tuesday, July 30, 2024 5:44 PM
**To:** Aaron K. Haar <akh@jaburgwilk.com>
**Cc:** Maria Crimi Speth <mcs@jaburgwilk.com>; Delgado Entertainment Law <LawTeam@delgadoentertainmentlaw.com>
**Subject:** Re: Heritage House - Notice of Depositions

Aaron,

Very busy day. We are agreeable to the 60-day extension on the discovery deadline(s). We can look at later dates for the depositions if you like, since you are waiting for some additional information from Plaintiff. Please let me know your client's availability to be deposed as well.

I see you noticed in-person depositions, despite our recent discussion regarding needing Zoom for medical purposes. We can address this next week during our status conference.

Sincerely,

Krystle Delgado, Esq.



Website | TEDx | Linkedin | Facebook | Instagram | YouTube | TikTok

*Confidentiality Notice: This e-mail message, and any attachments, is for the sole use of intended recipient(s), and may contain confidential and privileged information. Any unauthorized use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender and destroy all copies of the original message.*

**From:** Aaron K. Haar <akh@jaburgwilk.com>
**Sent:** Tuesday, July 30, 2024 4:12 PM
**To:** Krystle Delgado, Esq <krystle@delgadoentertainmentlaw.com>
**Cc:** Maria Crimi Speth <mcs@jaburgwilk.com>
**Subject:** RE: Heritage House - Notice of Depositions

Krystle:

Based on your lack of response to my proposed extension and the position you've taken on extending deadlines in your just-filed Reply to Motion for Status Conference, it appears you're intent on strategically using any necessary extension to accuse Defendants of wrongdoing—notwithstanding the fact that your clients filed a copyright-infringement lawsuit and have yet to disclose the alleged copying at issue, which information is not just central to their claims but is responsive to discovery requests served back on November 2, 2023 (270 days ago).

We have to protect our clients' interests and ability to take discovery. Accordingly, we are hereby noticing the depositions of Shari Criso (**Aug. 15**) and of NPW's 30(b)(6) witness(es) (**Aug. 16**).

We must move forward with the depositions as noticed unless and until the Court extends deadlines to give us more time to review the evidence that continues to evade us.

Thank you,



**Aaron K. Haar**
**Partner** | Jaburg Wilk
602.248.1025 | akh@jaburgwilk.com

**From:** Aaron K. Haar
**Sent:** Tuesday, July 30, 2024 2:45 PM
**To:** Krystle Delgado, Esq <krystle@delgadoentertainmentlaw.com>

**Cc:** Maria Crimi Speth <mcs@jaburgwilk.com>
**Subject:** RE: Heritage House - Discovery deadlines

Krystle:

Please let me know Plaintiff's position on this proposed extension.

 

**Aaron K. Haar**
**Partner** | Jaburg Wilk
602.248.1025 | akh@jaburgwilk.com

---

**From:** Aaron K. Haar
**Sent:** Monday, July 29, 2024 4:04 PM
**To:** Krystle Delgado, Esq <krystle@delgadoentertainmentlaw.com>
**Cc:** Maria Crimi Speth <mcs@jaburgwilk.com>
**Subject:** Heritage House - Discovery deadlines

Krystle:

We think it makes sense to extend the looming deadlines in this case in light of the ongoing discovery disputes (specifically, from our perspective, we need your client to identify the alleged copying before we take depositions).

Are you amenable to extending the looming deadlines by 60 days?




**Aaron K. Haar**
**Partner** | Jaburg Wilk
📍 1850 North Central Avenue, Suite 1200 Phoenix, Arizona 85004
👤 602.248.1025 | 📞 602.248.1000 | 📠 602.248.0522
Bio Page | ✉ akh@jaburgwilk.com | 🌐 www.jaburgwilk.com



This communication is intended only for the individual or entity to whom it is directed. It may contain information that is privileged, confidential, or otherwise exempt from disclosure under applicable law. Dissemination, distribution, or copying of this communication by anyone other than the intended recipient, or a duly designated employee or agent of such recipient, is prohibited. If you have received this communication in error, please notify us immediately by telephone at (602)248-1000, or via e-mail, and delete this message and all attachments thereto.