# EXHIBIT B

# Aaron K. Haar

| | |
|---|---|
| **From:** | Krystle Delgado, Esq <krystle@delgadoentertainmentlaw.com> |
| **Sent:** | Tuesday, July 30, 2024 5:46 PM |
| **To:** | Aaron K. Haar; Maria Crimi Speth |
| **Cc:** | Delgado Entertainment Law |
| **Subject:** | Re: New Parent World v. Heritage House - SDT to TPCN |

**Caution!** This message was sent from outside your organization.  Allow sender | Block sender

Aaron & Maria,

==We understand your position. We disagree. We are moving forward with service, if it has not occurred already.==

Sincerely,

Krystle Delgado, Esq.



Website | TEDx | Linkedin |Facebook | Instagram | YouTube | TikTok

*Confidentiality Notice: This e-mail message, and any attachments, is for the sole use of intended recipient(s), and may contain confidential and privileged information. Any unauthorized use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender and destroy all copies of the original message.*

---

**From:** Aaron K. Haar <akh@jaburgwilk.com>
**Sent:** Tuesday, July 30, 2024 2:57 PM
**To:** Maria Crimi Speth <mcs@jaburgwilk.com>; Krystle Delgado, Esq <krystle@delgadoentertainmentlaw.com>
**Cc:** Tremain (Delgado Entertainment Law PLLC) <admin@delgadoentertainmentlaw.com>
**Subject:** RE: New Parent World v. Heritage House - SDT to TPCN

Krystle:

It is vital that we hear from you on this ASAP. Please confirm you will not serve the subpoena. If you think you have a good-faith basis for serving the subpoena, we still need you to hold off on serving the subpoena until the Court can resolve our motion to quash, which we will file shortly. If you go ahead and serve the subpoena despite the concerns we have raised with you, we will seek to hold you and your client accountable for any resulting damage to the relationship.

Please get back to us ASAP.

Thank you,

  

**Aaron K. Haar**
Partner | Jaburg Wilk
602.248.1025 | akh@jaburgwilk.com

---

**From:** Maria Crimi Speth <mcs@jaburgwilk.com>
**Sent:** Monday, July 29, 2024 5:58 PM
**To:** Krystle Delgado, Esq <krystle@delgadoentertainmentlaw.com>
**Cc:** Tremain (Delgado Entertainment Law PLLC) <admin@delgadoentertainmentlaw.com>; Aaron K. Haar <akh@jaburgwilk.com>
**Subject:** New Parent World v. Heritage House

Krystle:

Please see attached letter.

    

**Maria Crimi Speth**
Shareholder | Jaburg Wilk
1850 North Central Avenue, Suite 1200 Phoenix, Arizona 85004
602.248.1089 | 602.248.1000 | 602.248.0522
Bio Page | mcs@jaburgwilk.com | www.jaburgwilk.com

This communication is intended only for the individual or entity to whom it is directed. It may contain information that is privileged, confidential, or otherwise exempt from disclosure under applicable law. Dissemination, distribution, or copying of this communication by anyone other than the intended recipient, or a duly designated employee or agent of such recipient, is prohibited. If you have received this communication in error, please notify us immediately by telephone at (602)248-1000, or via e-mail, and delete this message and all attachments thereto.


1850 N. Central Avenue, 12th Floor, Phoenix, AZ 85004

jaburgwilk.com

**Maria Crimi Speth**
mcs@jaburgwilk.com
602.248.1089

July 29, 2024

**Via email**

Krystle Delgado
Delgado Entertainment Law, PLLC
3295 N. Drinkwater Blvd., Ste 9
Scottsdale, AZ 85251
krystle@delgadoentertainmentlaw.com

    Re:    *Texas Pregnancy Care Network*

Dear Krystle:

In reviewing the correspondence between you and Aaron, and the intent to serve a subpoena, I have great concerns that you are on the verge of damaging our client's relationships based on nothing more than distrust.

The discovery rules are not for the purpose of satisfying a parties' curiosity, especially at the expense of harming third-party relationships. Rule 26 is clear that parties may only obtain discovery that is relevant to a party's claim.

As far as I can tell, you found the name "Roberta" in communications our clients produced and decided you wanted to know who that was. The specific reference was that in 2020, Missie asked Joe and Shari to make some edits to the video based on concerns from Roberta. You then asked Aaron for her full name and what agency she is with, indicating that it was your intention to contact her. Naturally, Aaron asked what the relevance was. Aaron responded with her position, which is with the Texas Pregnancy Care Network, and explained that she approved lessons for use in her network. He explained that she and the Network were not customers.

Despite his explanation, which your client seems to already have known, you again asked for her full name and her email and telephone number. This was a huge red flag to us that it was your intention to call or email this person who has nothing to do with this case and has no information relevant to any of the claims in this case. The only possible result of you contacting her would be to harm our client's reputation with this very important nonprofit agency when you necessarily introduce yourself as the attorney representing a party suing our client for copyright infringement.

In response, Aaron once again asked what the relevance is. Your response never even attempted to explain the relevance. You did, however, say you planned to call her and essentially threatened to depose her.

Aaron again asked the relevance and expressed his concern that contacting her would constitute harassment and unnecessary work. Your response email said that you explained the relevance in a phone

call back on July 17 (which Aaron doesn't recall) and added, "the communications reflect that Defendants never had permission to make edits to our client's courses, and in fact, asked our client to make the edits directly." Okay, let's say that is true for purposes of this discussion. What could you talking to Roberta possibly add to what you already know, which is that back in 2020, our client asked your client to make the edits that Roberta wanted? Your next sentence is that your inquiry only deepened after receiving no response. This is why I started this email by indicating that you are on the verge of damaging our client's relationship for no reason other than distrust. It seems to me that instead of considering that our push-back is to avoid harm to an important relationship, you have decided that our client has something to hide.

In a later email today, you stated that relevance is not an issue because you are not seeking documents. It is absolutely your responsibility to be sure that there is relevance before you contact a nonparty to seek information with the pretext of it being relevant to this case, especially where we have repeatedly expressed concern about damage to the relationship. Also, in addition to your intent to call this non-party, you also served a notice of intent to serve a subpoena on the non-profit agency for whom she works. You served that notice on July 26, and then 3 days later took the position that relevance does not matter. I am at a complete loss to understand this.

To be very clear, it is not our duty to prove lack of relevance. It is your duty under Rule 11 and Rule 45 to only seek discovery that has some relevance to the case, especially from nonparties. You have not even come close to showing that.

The subpoena that you intend to serve violates Rule 45. You are asking this nonparty, nonprofit organization to provide six categories of documents that encompass everything in their possession regarding three separate entities dating back six years, all without there being a modicum of relevance. Your proposed subpoena ignores your responsibility under Rule 45 to take reasonable steps to avoid imposing undue burden or expense on the nonparty.

Please reconsider your position on this point. Once you contact Roberta or serve a subpoena on her employer, we cannot undo the irreparable harm that will cause. If you will not reconsider, please explain what you think the relevance is. If you do neither, we will seek sanctions.

Sincerely,

JABURG & WILK, P.C.

*Maria C. Speth*

Maria Crimi Speth

# Aaron K. Haar

| | |
|---|---|
| **From:** | Aaron K. Haar |
| **Sent:** | Monday, July 29, 2024 2:00 PM |
| **To:** | Krystle Delgado, Esq |
| **Cc:** | Maria Crimi Speth; Delgado Entertainment Law |
| **Subject:** | RE: Roberta |

Krystle:

What subpoenas are you referencing? We've only seen subpoena responses from Vimeo. Have you obtained other subpoena responses you have not yet disclosed?

How is relevancy not the issue? You're seeking information in discovery. And your repeated response to my question about relevance is that we haven't disclosed anything related to the Texas Pregnancy Care Network. I understand we have not disclosed anything about the Network (other than the requests to change your client's videos). But we also haven't disclosed what Defendants had for lunch today. The fact that something hasn't been disclosed doesn't tell me anything about how it has anything to do with this case.

And your conclusion that we're "obviously" not going to pass this information along because I'm asking about it is unfounded. This is part of the discovery process. If you're going to demand something in discovery, we can ask about why you contend it relates to this case. I have some outstanding questions to our clients, and I'm simply trying to understand the basis for your demand—beyond the apparent attempt to harass.

Am I to take your refusal to address relevance as an admission that there is no relevance? Please clarify.

Thank you,



### Aaron K. Haar
**Partner** | Jaburg Wilk
602.248.1025 | akh@jaburgwilk.com

---

**From:** Krystle Delgado, Esq <krystle@delgadoentertainmentlaw.com>
**Sent:** Monday, July 29, 2024 1:45 PM
**To:** Aaron K. Haar <akh@jaburgwilk.com>
**Cc:** Maria Crimi Speth <mcs@jaburgwilk.com>; Delgado Entertainment Law <LawTeam@delgadoentertainmentlaw.com>
**Subject:** Re: Roberta

> Caution! This message was sent from outside your organization.  Allow sender | Block sender

Defendants have never disclosed any information related to the Texas Pregnancy Care Network. It was only by accident that we discovered anything about the Network, and only after issuing subpoenas and sending a follow up regarding Roberta, did you volunteer that Roberta was the administrator for the Network.

==We are not asking for any documents at this time. So relevancy is not the issue==. We are simply asking for the contact information. Obviously by your many emails now, clearly this is not information you are going to pass along, despite our multiple requests.