WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| New Parent World, LLC, d/b/a My Baby Experts,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>True To Life Productions, Inc.; Heritage House '76, Inc.; and Brandon Monahan,<br><br>　　　　　Defendants. | No. CV-23-08089-PCT-DGC<br><br>**ORDER** |

Plaintiff New Parent World, LLC asserts various claims against Defendants True To Life Productions, Inc. ("True To Life"), Heritage House '76, Inc. ("Heritage House"), and Brandon Monahan. Doc. 42. Defendants move for judgment on the pleadings on Counts 1, 2, 7, 8, and 10 under Federal Rule of Civil Procedure 12(c). Doc. 53. The motion is fully briefed, and the Court heard oral argument on September 10, 2024. Docs. 53, 76, 78, 82. For reasons stated below, the Court will grant the motion in part and deny it in part.

**I.   Background.**

Plaintiff created original copyrighted content for teaching breastfeeding techniques and newborn care. Doc. 42 ¶¶ 8-9. In 2010, Heritage House began purchasing and distributing the content in audio and DVD formats. *Id.* ¶ 11. On April 1, 2019, Plaintiff entered into a licensing and royalty agreement with Defendant True To Life, allowing it to distribute the content on a subscription-based website. *Id.* ¶¶ 11-15.

Plaintiff alleges that True To Life breached the agreement by making Plaintiff's content available on a free trial basis. Doc. 42 ¶¶ 19-23. Plaintiff also alleges that True To Life altered Plaintiff's content without permission and distributed it online, at times without Plaintiff's copyright notice. *Id.* ¶¶ 24-38. Plaintiff further alleges that as the agreement was about to end, Defendants created unauthorized derivative works using Plaintiff's content and distributed them online bearing only Defendants' copyright notices. *Id.* ¶¶ 39-50.

Plaintiff filed the original complaint in May 2023. Doc 1. Defendants answered and asserted various affirmative defenses. Doc. 13. In October 2023, Plaintiff moved for leave to amend the complaint, which the Court granted. Docs. 27, 39. Plaintiff's amended complaint asserts ten claims: false copyright management information ("CMI") and removal of CMI in violation of 17 U.S.C. §§ 1202(a) and (b) (Counts 1 and 2); copyright infringement in violation of 17 U.S.C. § 501 (Counts 3-5); breach of contract and the covenant of good faith and fair dealing under Arizona law (Counts 6 and 9); false designation of origin and false description in violation of 15 U.S.C. § 1125 (Count 7); unfair competition under Arizona law (Count 8); and unjust enrichment under Arizona law (Count 10). *Id.* ¶¶ 53-131.

Defendants assert that Claims 1 and 2 fail because they are based on allegedly derivative works; Count 7 fails because it is based on products created by Defendant True to Life, not Plaintiff; and Counts 8 and 10 are preempted by federal copyright law. Doc. 53 at 1-2.

**II.   Judgment on the Pleadings Standard.**

Rule 12(c) is functionally equivalent to Rule 12(b)(6). *Gregg v. Haw. Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017). A successful Rule 12(c) motion must show that the complaint lacks a cognizable legal theory or fails to allege facts sufficient to support its theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion for judgment on the pleadings if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court treats all allegations of material fact in the complaint as true and construes them in the light most favorable to Plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

## III. Discussion.

### A. Falsification and Removal of CMI (Counts 1 and 2).

The Digital Millennium Copyright Act ("DMCA") defines CMI as information about the work itself, including the copyrighted status of the work, information about the author, and information in the copyright notice. 17 U.S.C. § 1202(c). Count 1 alleges Defendants violated § 1202(a) of the statute, which prohibits a person from knowingly distributing false CMI, when they created and distributed the Derivative Works with their CMI instead of Plaintiff's.[1] Doc. 42 ¶¶ 54, 55. Count 2 alleges Defendants violated § 1202(b), which prohibits a person from intentionally removing or altering CMI, when they removed Plaintiff's CMI from Plaintiff's Intellectual Property and distributed it without authorization.[2] *Id.* ¶¶ 59, 60.

Defendants' motion argues that both counts fail because §§ 1202(a) and (b) do not apply to derivative works, and the Derivative Works and modified Intellectual Property identified in the amended complaint are "distinct, derivative works." Docs. 53 at 8-9, 78 at 4. Defendants' motion addresses Counts 1 and 2 together, making no distinction between §§ 1202(a) and (b), and relies on district court cases which suggest that a work violates the DMCA only if it is an identical copy of the plaintiff's original work. Doc. 53 at 7.

The Court is not persuaded by Defendants' arguments. Their motion cited district court cases which rely on *Kirk Kara Corp. v. W. Stone & Metal Corp.*, No. CV 20-1931-DMG (EX), 2020 WL 5991503 (C.D. Cal. Aug. 14, 2020). *See* Doc. 43 at 6-7 (citing

---

[1] Plaintiff defines "Derivative Works" as "the Recap Videos, Preview Videos, and Lesson Materials" created and distributed by True to Life. Doc. 42, ¶¶ 42, 43, 45, 46.

[2] Plaintiff defines "Intellectual Property" as "My Baby Experts' content in English and Spanish audio and DVD formats, including its DVD breastfeeding courses." Doc. 42, ¶ 10.

*Advanta-STAR Auto. Rsch. Corp. of Am. v. Search Optics, LLC*, 672 F. Supp. 3d 1035, 1057 (S.D. Cal. 2023); *O'Neal v. Sideshow, Inc.*, 583 F. Supp. 3d 1282, 1287 (C.D. Cal. 2022); and other cases). *Kirk Kara* states that "no DMCA violation exists where the works are not identical," 2020 WL 5991503, at *6, but it relies on three cases that do not support this position. This discrepancy has been described in *ADR Int'l v. Inst. for Supply Mgt.*, 667 F. Supp. 3d 411, 427 (S.D. Tex. 2023) ("Although the court in *Kirk Kara* held the DMCA requires identical copies, the caselaw it cited does not support its holding."); and 4 Nimmer on Copyright § 12A.10 at 19 n.150.7.

Other courts have held that an infringing work need not be an identical copy to violate the DMCA. *See ADR,* 667 F. Supp. 3d at 429 ("none of the cases Defendants cite support the proposition that § 1202 requires a plaintiff to plead the allegedly infringing works are identical copies of the plaintiff's works"); *GC2 Inc. v. Int'l Game Tech., IGT, Doubledown Interactive LLC*, 391 F. Supp. 3d 828, 843-44 (N.D. Ill. 2019) (rejecting "the broad proposition that derivative or collaborative works are categorically excluded from protection under the DMCA's provision for removal of copyright management information"). The Court finds these cases persuasive.

The language of the DMCA does not require identical copies. The statute defines "copies" as "material objects . . . in which a work is fixed by any method now known or later developed, and from which the work can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device." 17 U.S.C. § 101. "Thus, to qualify as a copy under the DMCA, the allegedly infringing work must be fixed in some tangible form, from which the work can be perceived, reproduced, or otherwise communicated[.]" *Columbia Pictures Indus., Inc. v. Galindo*, No. 20-CV-3129, 2022 WL 17094713, at *8 (C.D. Cal. Nov. 18, 2022) (cleaned up). This definition lacks any requirement of an identical copy. *ADR*, 667 F. Supp. 3d at 427.

What is more, construing the statute to apply only to identical copies would narrow it considerably and lead to unreasonable results. As one commentator has explained:

> [T]here is no warrant to conclude . . . that no DMCA violation exists where the works are not identical. If plaintiff owns the copyright to a 300-page book and defendant propounds a work in which a single sentence is missing from that work, the two are not identical — but are still beyond doubt substantially similar. The authority supposedly requiring identity fails to withstand scrutiny.

4 Nimmer on Copyright § 12A.10 at 19 (footnotes and quotation marks omitted).

Defendants also argue they are entitled to judgment on Counts 1 and 2 because their works are not substantially similar to Plaintiff's works. Some cases hold that a work falls outside the DMCA if it is "unquestionably a distinct work," *Crowley v. Jones*, 608 F. Supp. 3d 78, 90 (S.D.N.Y. 2022), but Defendants provide no basis for the Court to grant judgment on this ground. Plaintiff's complaint alleges that Defendants created their works "by copying and transcribing" Plaintiff's work in a "substantially similar or word-for-word" manner. Doc. 42, ¶ 42. Defendants do not address this allegation or describe how the various accused works are sufficiently distinct to fall outside the statute's prohibition.

The Court will deny Defendants' motion on Counts 1 and 2. The Court holds that §§ 1202(a) and (b) do not require identical copies, but does not adopt a more precise construction of the statute at this point in the case. At summary judgment and trial, the parties will need to address these statutory provisions more carefully, describing exactly what they each prohibit and then showing why the various categories of the works at issue in the complaint either do or do not satisfy the statute's requirements. Generalities like those contained in the present briefing will not be sufficient to resolve these claims.

### B.   False Designation of Origin and False Description (Count 7).

In Count 7, Plaintiff alleges Defendants violated the Lanham Act when they distributed "Lesson Materials" derived from Plaintiff's intellectual property that bore only Defendants' identifying information.[3] Plaintiff claims that Defendants represented that they were the "sole creators" of the Lesson Materials, which was "a false designation of

---

[3] Plaintiff defines "Lesson Materials" as "the textual content of lesson descriptions, video worksheets, homework, and fact sheets" created and distributed by True To Life. Doc. 42 ¶¶ 45-46.

- 5 -

origin, false or misleading description of fact, and/or false or misleading representation of fact" under § 43(a) of the Lanham Act. Doc. 42, ¶ 105. Plaintiff alleges these misrepresentations "caused confusion, mistake, and/or deception as to Defendants' affiliation with Plaintiff." *Id.* ¶ 106.

Defendants' motion argues that this claim fails because Defendants created the Lesson Materials, and Plaintiff's allegation that the Lesson Materials include Plaintiff's intellectual property is not covered by § 43(a). Doc. 53 at 11. The Court agrees.

Section 43(a) creates a cause of action against a party who uses "any false designation of origin, false or misleading description of fact, or false or misleading representation of fact . . . in connection with any goods or services," such that it "is likely to cause confusion, or to cause mistake, or to deceive . . . as to the origin, sponsorship, or approval of his or her goods." 15 U.S.C. §1125(a). In *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003), the Supreme Court held that the "origin" of "goods" in § 43(a) is the producer of the goods, not the producer of any intellectual property contained in the goods. Thus, the wrong addressed in the statute occurs when a defendant sells a plaintiff's actual goods with the claim that they were made by the defendant. The statute does not apply when a defendant sells its own goods, even if those goods incorporate the plaintiff's intellectual property. As the Supreme Court explained, "the phrase ["origin" of "goods" in § 43(a)] refers to the producer of the tangible goods that are offered for sale, and not to the author of any idea, concept, or communication embodied in those goods." *Id.* at 37. In other words, the Lanham Act does not do the work of the Copyright Act — it does not protect the originality or creativity of a plaintiff whose intellectual property is incorporated into a defendant's product.

Plaintiff cites *OTR Wheel Eng'g, Inc. v. W. Worldwide Servs., Inc.*, 897 F.3d 1008 (9th Cir. 2018), in support of its argument that Defendants can be liable under § 43(a) for incorporating Plaintiff's intellectual property into their products, but *OTR* does not support this position. The defendant in *OTR* arranged to have the plaintiff's identifying information removed from the plaintiff's commercial tires, and then sold the plaintiff's tires as though

they were the defendant's product. *Id.* at 1013-14. The defendant did not copy the plaintiff's intellectual property as alleged in this case; he actually sold the plaintiff's tires as his own. *Id.* The Ninth Circuit affirmed a § 43(a) judgment against the defendant because he "did not simply copy [the plaintiff's] intellectual property, but instead passed off genuine [plaintiff] products as his own[.]" *Id.* at 1012-13.

In this case, § 43(a)'s "origin" of "goods" refers to Defendants' production of the Lesson Materials, not to Plaintiff as the creator of the Intellectual Property allegedly incorporated into the Lesson Materials. Defendants did not violate the Lanham Act when they correctly identified themselves as the origin of the Lesson Materials. If there is a claim to be asserted for Defendants' use of Plaintiff's intellectual property, it must be brought under the Copyright Act (as Plaintiff does in other counts). As the Ninth Circuit held in *OTR,* "[c]opying is dealt with through the copyright and patent laws, not through trademark law." *Id*. at 1014. The Court will grant Defendants' motion on Count 7.[4]

### C.   Unfair Competition (Count 8).

Plaintiff alleges that Defendants' "Infringing Course" and accompanying lesson materials are "substantially similar to or otherwise copied word-for-word from" Plaintiff's Intellectual Property.[5] Doc 42 ¶¶ 39, 108, 110-12. Plaintiff alleges that Defendants created the Infringing Course about the time their contract with Plaintiff was set to expire and did so to maintain Defendants' customer base which had come to rely on Plaintiff's material. Plaintiff alleges that this activity constituted "palming off" of Defendants' products as though they were Plaintiff's, resulting in unfair competition under Arizona law. *Id.* ¶¶ 108, 113, 115. Defendants' motion argues that this claim asserts nothing more than a copyright violation and therefore is preempted by federal copyright law. Doc. 53 at 11.

---

[4] Plaintiff argued during the hearing that Defendants previously alleged Plaintiff had authorized the production of the Lesson Materials, making Plaintiff a coauthor (producer) of those materials for purposes of § 43(a). But this assertion is not contained Plaintiff's amended complaint, and the Court's decision must be based on the allegations of the complaint. *See Xcentric Ventures, L.L.C. v. Borodkin*, 934 F. Supp. 2d 1125, 1134 (D. Ariz. 2013).

[5] Plaintiff defines "Infringing Course" as "infringing knockoff videos that are substantially similar to [Plaintiff's] own video content." Doc. 42 ¶ 46.

- 7 -

The Copyright Act preempts state law when the legal or equitable rights asserted under state law are equivalent to the exclusive rights covered by copyright law. *See* 17 U.S.C. § 301(a)-(b); *see also Laws v. Sony Music Ent., Inc.*, 448 F.3d 1134, 1137-38 (9th Cir. 2006). "In Arizona, the common law doctrine of unfair competition 'encompasses several tort theories, such as trademark infringement, false advertising, 'palming off' and misappropriation.'" *ACT Grp. Inc. v. Hamlin*, No. CV-12-567-PHX-GMS, 2012 WL 2976724, at *6 (D. Ariz. July 20, 2012). To avoid preemption, a plaintiff must "allege[] elements that make it qualitatively different from a copyright infringement claim." *Id.* Claims of palming off are not preempted because the focus is on consumer confusion over the source of the product itself — an element not required for a copyright violation. *Id.* at *7. A palming off claim must factually allege that the defendants wanted consumers to believe that their product was the plaintiff's. *Wolf Designs LLC v. Five 18 Designs LLC*, 635 F. Supp. 3d 787, 801 (D. Ariz. 2022).

As noted above, the Court must construe the amended complaint's allegations in the light most favorable to Plaintiff. *Cousins*, 568 F.3d at 1067. It must also draw all reasonable inferences in Plaintiff's favor. *Iqbal*, 556 U.S. at 678. So construed, Count 8 alleges that Defendants copied Plaintiff's intellectual property to appeal to a customer base reliant on Plaintiff's products, used the same stock images as Plaintiff's work and copied Plaintiff's content substantially or word-for-word, and thereby misled purchasers as to the source of the products. *Id.* ¶¶ 108-15. The Court can reasonably infer from these allegations that Defendants misled customers to believe the products were Plaintiff's — a claim of palming off not preempted by federal copyright law. The Court will deny Defendant's motion on Count 8. At summary judgment and trial, Plaintiff will be required to prove this claim of palming off — that Defendants misled customers to believe the products were Plaintiff's.

### D. Unjust Enrichment Claim (Count 10).

Plaintiffs allege that "Defendants were enriched by use of Plaintiff's Intellectual Property, in that Defendants earned considerable revenue and market recognition as a result

of exploiting [Plaintiff's Intellectual Property]," and that Plaintiff was impoverished by not receiving fair compensation. Doc. 42 ¶¶ 128-29. Defendants' motion argues that this claim merely restates Plaintiff's copyright claim and is therefore preempted. Doc. 53 at 15.

When the Court granted Plaintiff leave to add this count, it stated: "Plaintiff makes clear in its reply that the unjust enrichment claim is an alternative theory of liability to the contract claim, not the copyright claims . . . Courts in this Circuit have held that . . . where '[p]laintiff's unjust enrichment claim is truly an alternative pleading to its breach of contract claims, it survives . . . preemption." Doc. 39 at 4 (citations omitted). Count 10 specifically states that it is pled "in the alternative." Doc. 42 at 22.

The Court will hold Plaintiff to this characterization. The unjust enrichment claim will be considered only as an alternative to the breach of contract claim. At summary judgment and trial, it must be based on the wrongs alleged in the breach of contract claim (which Defendants do not claim are preempted), not on Defendants' mere use of Plaintiff's copyright-protected information (a claim that would be preempted).

Defendants correctly note that Count 10 is brought against "All Defendants" like the copyright infringement claim in Count 4, and unlike the breach-of-contract claim brought only against Defendant True To Life (Count 6). *Id.* at 17. Because Count 10 is pled only as an alternative to Count 6, it can be asserted only against the Defendant named in that count. The Court will grant Defendant's motion to the extent Count 10 is asserted against Defendants Heritage House and Brandon Monahan.

**IT IS ORDERED** Defendants' motion for partial judgment on the pleadings (Doc. 53) is **granted** on Count 7 and on Count 10 with respect to Defendants Heritage House and Brandon Monahan. The motion is otherwise **denied**.

Dated this 24th day of September, 2024.

David G. Campbell
Senior United States District Judge