**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| New Parent World, LLC, d/b/a My Baby Experts,<br><br>Plaintiff,<br><br>v.<br><br>True To Life Productions, Inc.; Heritage House '76, Inc.; and Brandon Monahan,<br><br>Defendants. | No. CV-23-08089-PCT-DGC<br><br>**ORDER** |

Plaintiff moves for leave to file a second amended complaint. Doc. 90. The Court will deny the motion.

Plaintiff seeks leave to amend under Federal Rule of Civil Procedure 15. *Id.* at 1, 12-16. Plaintiff argues that Rule 15's "liberal amendment policy" imposes "no timing restriction on a party's request to amend[.]" *Id.* at 13. True, but Rule 15 does not control Plaintiff's motion. The Court's Case Management Order established a 60-day deadline for amending pleadings. Doc. 26 at 1. The order was entered on August 14, 2023, creating an amendment deadline of October 13, 2023. *See id.* at 1.[1]

Rule 16 provides that deadlines established in a case management order may "be modified only for good cause[.]" Fed. R. Civ. P. 16(b)(4). "Good cause" exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the

---

[1] The Court's subsequent extensions of the discovery schedule in this case did not alter the amendment deadline.

1

extension." Fed. R. Civ. P. 16 advisory committee note to 1983 amendment.  Thus, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).  And when leave to amend is sought after an amendment deadline set by the Court, the motion is controlled by Rule 16, not Rule 15. *Johnson v. Cnty. of San Bernardino*, No. 20-55186, 2021 WL 4810646, at *1 (9th Cir. Oct. 15, 2021) ("The [motion for leave to amend], filed almost a year after the amendment cutoff date set by the district court, was indisputably untimely.  Thus, [plaintiff] bore the burden of establishing 'good cause' for his [motion's] untimeliness, Fed. R. Civ. P. 16(b)(4), which in turn required him to show he could not have filed a timely [motion] despite acting with 'diligence,' [*Johnson*, 975 F.2d at 609.]"); *see also Metro-West Appraisal Co. LLC v. Sun Point Appraisals Inc.*, No. CV-19-01442-PHX-DJH, 2020 WL 5748111, at *2 (D. Ariz. Sept. 24, 2020); *Johnson v. Cap. Offset Co.*, No. 11-CV-459-JD, 2013 WL 2250145, at *2 (D.N.H. May 22, 2013); *Guillot v. Krieger*, No. 3:07CV126-HTW-LRA, 2008 WL 11506521, at *1 (S.D. Miss. Oct. 23, 2008).  Plaintiff's motion for leave to amend is more than one year late, and Plaintiff does not address Rule 16(b)(4) or otherwise show good cause for extending the amendment deadline at this late date in the litigation.[2]

Plaintiff asserts that the proposed amendment would pose no prejudice to Defendants.  Doc. 90 at 9, 15.  But good cause, not prejudice, is the relevant inquiry. "Although the existence or degree of prejudice to the party opposing the modification [of the amendment deadline] might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609.

What is more, Defendants oppose amendment on the ground that it would require more time for fact discovery.  Doc. 90 at 15.  The deadline for completing fact discovery is tomorrow (Doc. 71 ¶ 4), and the Court made clear in the second amended Case

---

[2] The recently discovered websites and additional facts, including those regarding proposed Counts 7, 10-11, and 13 (*see* Doc. 90 at 3-11), could have been discovered earlier in the lengthy discovery period through reasonable diligence.

Management Order that it will not grant further extensions to the litigation schedule (Doc. 71 at 5).

**IT IS ORDERED** that Plaintiff's motion for leave to file second amended complaint (Doc. 90) is **denied**.

Dated this 17th day of October, 2024.

*David G. Campbell*

David G. Campbell
Senior United States District Judge